## PARMER v. BALLARD.

1. Where an attachment is issued by a justice of the peace, for a sum within his jurisdiction, upon an insufficient affidavit, the proceedings are not void, but voidable only.
2. And a garnishee who has bona fide paid a debt due to the defendant in such attachment, is thereby protected from a second payment.

PARMER made his promissory note for forty dollars, payable to one Cook or bearer, who passed it to Ballard, and afterwards absconded. Several attachments were sued from a justice of the peace, against Cook, by one of his creditors, and Parmer was garnisheed, and judgment was rendered against him for the amount due on said note, which he satisfied, having no notice of its assignment. Ballard afterwards as holder, sued Parmer on the note before a justice of the peace, and suffered a nonsuit, from which he appealed to the Circuit Court of Montgomery county. To the declaration there filed, several pleas were pleaded, among which was one to the following effect: that an attachment had been sued out from a justice of the peace by a creditor of said Cook, and that he Parmer had been summoned as a garnishee before said justice, to state upon oath in what amount he was indebted to said Cook; that upon his statement so made, judgment had been rendered against him, for the amount then due upon the note upon which he is now sued, which judgment he had satisfied. In support of this plea, upon which issue was taken, the defendant offered in evidence on the trial, the affidavit of the plaintiff and other proceedings had before the justice, in the suit commenced by attachment against Cook, in

which a judgment had been rendered against him as gar- JANUARY 1831
nishee. The affidavit, after setting out the indebtedness
of Cook to Robert Moseley, the plaintiff in the attachment,                    Parmer
proceeded thus: "that the said Cook is about to abscond or                    v
leave the State or county, or secretes himself so that the                    Ballard.
ordinary process," &c. The justice before whom the pro-
ceedings were had, was also offered as a witness by the de-
fendant, to prove that the affidavit had been taken, and
other proceedings had before him; but this evidence was
all rejected by the Court, on the ground that the whole pro-
ceedings in the attachment were void, because the affida-
vit was made in the alternative; and any payment made
by Parmer on account of the judgment against him as gar-
nishee, was made in his own wrong, and would affford him
no defence in this suit; all which opinions of the Court
below, were reserved in a bill of exceptions by the defen-
dant, and are here assigned as error.

THORINGTON, for plaintiff in error. The bill of excep-
tions shews the affidavit made in suing out the attachments,
under which the plaintiff Parmer was garnisheed before
the justice, and from the proceedings as stated, it will
readily appear that the justice had proper jurisdiction of
the matter. But whether he had or not, is immaterial to
Parmer; he was not bound as garnishee, to look beyond
the proceedings against him. Yet when they were pro-
duced on the trial below, though regular, he was stopped
from introducing them to the jury, on the ground of a de-
fect in the original proceeding before the magistrate. The
statutes are familiar to the Court, and the case of *Tubb v.*
*Madding,*[a] is fully in point, to shew he is protected from   a Minor's Ala
a second payment, even where the proceedings are erro-   R. 129.
neous. It could have availed him nothing to object to the
proceedings between the plaintiff and defendant in the at-
tachment; he would have been told at once, he could in
no wise be injured.[b] A plea by him to that effect, would   b 1 Stewart's
have been stricken out as frivolous.[c] The rule has been   R. 108.
properly settled, and if it had not been, the reason of the   c 3 Bibb R.
rule is good.   259.

GOLDTHWAITE, for defendant in error. There is a dis-
tinction between Courts of limited, and of general jurisdic-
tion. Had the justice jurisdiction of the person and mat-
ter in the proceedings before him? he clearly had not. The
bill of exceptions shews the affidavits, and they do not dis-

JANUARY 1831 close a cause of action, of which he had jurisdiction: could he then issue process under them?[a]  The proceedings then were void, and not voidable only.  There was an excess of jurisdiction, which makes the proceedings void, and the justice liable in damages. . Suppose that the affidavit was, that a person was removing from one part of the county to the other, could he issue an attachment on this? What is there to change the right to the money from the defendant to the plaintiff; only such an act as will vest it. Yet we are told no matter how erroneous the justice has acted, if he has acted at all, it is sufficient for the plaintiff in error.  This is untenable.[b]  Excess of jurisdiction cannot protect any one.[c]  If jurisdiction is given only on a certain class of facts, and those facts do not exist where it is assumed, are not the proceedings void? Could not Cook have his action against the justice for damages?  The case of *Tubb v. Madding*,[d] has been relied on.  It does not present the same features; the question of jurisdiction did not arise, and was not adjudicated; no other question appears to have been agitated than the signing of the judgment.  That authority is good, if the Court had jurisdiction, but if it had none, it is a nullity.  An insufficient affidavit is the same as no affidavit at all.  The criterion of jurisdiction here is, does an action lie against the justice, and not his judgment.  Buller speaks of a Court of limited jurisdiction, though of record.  If the Court below had no jurisdiction, it cannot protect itself, and therefore can protect no one else.  The case cited from Stewart is different.  There too there was jurisdiction; but here there was none, and the justice could not protect himself from a suit by the garnishee, though he could against the defendant in the attachment, because he was not injured; no money having been transferred.

*Parmer v. Ballard.*

[a] 2 Stark. Ev. 801—2.

[b] 3 Com. Dig. 841. 13 Mass. R. 36.

[c] Willes' R. 36.

[d] Minor's Ala R. 129.

THORINGTON, in conclusion.  The true rule is, if the justice had jurisdiction of the subject matter, it is sufficient, even if improperly exercised.  The justice has jurisdiction of debts under fifty dollars, and no other Court has.  The test laid down to ascertain it, viz: whether he is liable or not, is unreasonable.  Third persons cannot interfere in suits to which they are not party; the garnishee here could not take a writ of error to try the validity of the judgment against the defendant in the attachment.  I do not deny that if there was a total want of jurisdiction, the proceedings were void; but here it was not so, and therefore they

were merely voidable, and that only by those affected by them.

By JUDGE TAYLOR. In support of the judgment below, it is urged that justices of the peace are judicial officers of limited jurisdiction; that whenever a particular manner is prescribed, by which that jurisdiction is to be exercised, they are bound to pursue it; and that by a material departure therefrom, the case is *coram non judice,* and void. That the statute requires the affidavit shall set out particular facts, to authorize a justice to issue an attachment; that such affidavit alone can be a sufficient foundation for this writ: that in this case, a fact is stated in the affidavit, which even if it existed, would not authorize the process, for which reason the judgment against the defendant in the suit thus commenced, is void; that if this be true, the judgment against the garnishee must be void also.

Many cases have been cited by the defendant's counsel, some of which it is admitted, prove that in England, the judgment against the defendant to the attachment, would have been void. It is very doubtful, however, if the reason of those cases would apply to the present. All of them are cases in which suits have been brought against the justice, to recover damages on account of an injury inflicted by him, in consequence of his having exceeded his jurisdiction, or against officers who have obeyed illegal mandates, issued by such justices. In no case which has been cited, have third persons been made responsible, for obedience to the illegal judgments of magistrates, of the illegality of which, they had not notice in fact or in law. Every officer is presumed to know his duty; therefore, if a sheriff or other ministerial officer, execute process which emanates from an illegal source, he is considered as guilty of a wilful departure from duty, and liable to repair the injury inflicted, by making satisfaction in damages. If however the process is issued by a person having proper authority, and appears upon its face to be regular, the officer is justified in executing it, although the process itself was not legally issued. For instance, if a justice of the peace were to issue a mandate, requiring an officer to inflict corporal punishment upon a white man, the officer would be liable in an action of trespass, to the person injured. But if a constable receives a *fieri faeias,* reciting a judgment, &c. regularly issued by a justice of the peace, com-

42

JANUARY 1831 manding him to make of the goods and chattles of the defendant, a sum of money within a justice's jurisdiction, it would be to him a justification for making the money out of the defendant's property, although there never had been a judgment rendered by the justice, or a suit instituted before him, to authorize such execution. In this case the justice was authorized to issue the writs of attachme⸱ garnishment; he had jurisdiction of the subject ma⸱⸱ it cannot be supposed that the garnishee was apprised of any irregularity in suing out the attachment. The suing out of the writ of garnishment, was the regular commencement of a suit against him, which was duly prosecuted to judgment. That judgment he discharged, and is afterwards sued upon the same cause of action in this case. No fraud is charged, nor is it pretended but that he has acted an honest part in the whole transaction. I cannot think that any precedents impose upon us the necessity of making him pay the money again.

How far this Court would go in modifying and varying the decisions which have been made in the Courts of Westminster Hall, against justices of the peace, it is unnecessary now to determine. Our statute book proves that the legislature has been continually adding provisions to facilitate amendments of their proceedings, and to cure defects in them, which otherwise would have been fatal. There certainly are many cases in which these magistrates would be protected here, in which English decisions would make them liable. It is believed however in this case, it is not necessary to change any rule of decision, to be authorized to reverse the judgment. The justice had jurisdiction of the subject matter on which the attachment was sued out; the suit was simply commenced by writ of attachment, instead of a warrant or summons; we are not to go beyond the process by which the suit was instituted, to make the payment rendered in the case a void one. If the affidavit which the statute prescribed to authorize the writ was insufficient, the proceedings were defective and voidable, but not void; they afforded sufficient data for the writ, and judgment against the garnishee. The judgment must be reversed and the cause remanded, and of this opinion is the whole Court.

<div align="right">Reversed and remanded.</div>