May Term,
1848.

CORNWELL
v.
HUNGATE.

*J. G. Marshall* and *J. D. Glass*, for the plaintiff.

*J. Sullivan*, for the defendant.

---

CORNWELL and Others *v.* HUNGATE.

A judgment in attachment, notwithstanding it appears that the debt attached in the hands of the garnishee was not due when the judgment was rendered against him, or that the affidavit does not state of what county the attachment-defendant was a late resident, is valid until reversed.

A defendant pleading to an action of debt that a judgment in attachment was obtained against him, as garnishee, must aver that the judgment was for the same debt, or a part of it, for which the present suit was brought.

A plea which professes to be a bar to the whole cause of action, when, if it is an answer at all, is only so as to a part, is bad.

Tuesday,
July 18.

ERROR to the *Orange* Circuit Court.

BLACKFORD, J.—This was an action of debt brought in 1844, by *Hungate* against *Cornwell*, and two others. The declaration contains three counts. The first is on a writing obligatory payable on the 1st of *April*, 1842; the second on a writing obligatory payable on the 25th of *December*, 1842; the third for money lent, &c.

There are seven pleas. To the first, second, third, and fifth, there were general demurrers. On the others there were issues of fact. The demurrers were sustained.

The issues of fact were submitted to the Court and judgment rendered for the plaintiff.

The first plea is only to a part of the amount sued for. It sets out judgments in attachment recovered before the commencement of the present suit, viz: in *May*, 1841, by one *Baker* and others against the present plaintiff, before a justice of the peace, and also judgments in the same suit, and in favor of the same persons rendered at the same time against *Cornwell*, as garnishee. It alleges that the judgments against *Cornwell*, as garnishee in said attachment, were for the same indebtedness now sued for, and that he had paid those judgments against him before the commencement of this suit. The proceedings in the attachment are set out in the plea. Verification.

Three objections are made to this plea. 1. That it appears that the debt attached in *Cornwell's* hands as garnishee, was not due when the judgments against him were rendered; 2. That the judgments against *Cornwell* are not alleged to be for the debt now sued for; 3. That the affidavit for the attachment does not state of what county *Hungate* was a late resident.

There is nothing in these objections. The first and third have relation only to what, at most, might render the judgments erroneous. Judgments in attachment, notwithstanding such objections, are valid until reversed. *Doe e. d. Wilkins* v. *Rue et al.*, 4 Blackf. 263. The second objection is not supported by the facts. There is an express averment in the plea, that the judgments against *Cornwell* are "for the same indebtedness upon which this suit is founded."

The second plea is similar to the first, except that it does not aver that the judgment against the garnishee was for part of the same debt for which the present suit is brought. This plea, for the want of such an averment, is bad.

The third and fifth pleas are bad, as they profess to be a bar to the whole cause of action, when, if they are answers at all, they are so only as to a part.

There are no questions raised by the subsequent proceedings in the cause.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.    Costs here.

*H. P. Thornton*, for the plaintiffs.

*G. G. Dunn*, for the defendant.

