HOUSTON, Garnishee *v.* WALCOTT & Co.

If a judgment upon which a person has been garnished, be voidable only, and not void, it is sufficient to protect the garnishee, and to this extent he should be limited in his examination of the proceedings on which such judgment is based.

The failure of a justice to enter upon his docket a return of the execution on which a person has been garnished, before judgment is rendered against the garnishee, is not such an error as will entitle the garnishee to a reversal of the judgment rendered against him.

The third clause of section 2269 of the Code, which provides that the justice shall keep a docket in which he shall enter "the issuing of the process and the return thereof," is directory to the justice; and if he fails to obey its directions, the proper remedy is against him, by compelling him, under the proper process, to make such entry.

Houston, garnishee v. Walcott & Co.

Where a *party appears and answers*, or *otherwise submits himself to the court*, he gives the court jurisdiction of his person, and waives all errors in the process or notice by which he is required to appear.

Where it does not appear from the record, that the error assigned has been passed upon by the inferior tribunal, it will not be noticed in this court.

Under section 1783 of the Code, which provides, that a judgment shall be rendered against the garnishee, unless he prefers paying to the sheriff the amount of his indebtedness to the defendant in the original suit, or delivering over to the officer the property in his hands belonging to such defendant, if the garnishee refuses or neglects to make his election, the judgment should be rendered against him for a sum certain, and in money.

Where the right to render *a* judgment against the garnishee, is not contested, but it is alleged that *the* judgment rendered is erroneous, as in requiring the garnishee to pay a sum certain, in goods, within a specific time, and in default thereof that the plaintiff recover the same sum in money, the error not being prejudicial to the rights of the garnishee, but for his benefit, the judgment will not be reversed at his instance.

## *Appeal from the Lee District Court.*

THIS cause is an appeal from the decision of the District Court of Lee county, on a writ of error to a justice of the peace, sued out by Houston, who was garnished at the suit of A. Walcott & Co. against one Farner, on a judgment by confession against the latter. In the transcript of the justice, after the title of the cause, that officer states as follows : "This day came the defendant, Wm. H. Farner, and after filing his affidavit confessing judgment in favor of A. Walcott & Co., for the amount filed as per account;" and then follows a judgment for $92.47, in proper form. On the same day that judgment was rendered, 3d of March, 1854, an execution issued, on which Houston was garnished. He failed to appear at the time set to answer interrogatories, and the fact of default was entered by the justice in his docket ; but instead of entering judgment on the default, the justice entered an order, requiring Houston to show cause why *judgment* should not be rendered against him. On the 13th of March, the appellant, in answer to the rule, appeared, and was allowed to answer interrogatories as to his indebtedness to Farner, on which answer, judgment was rendered as follows : "It is therefore ordered and adjudged

by me, that the said G. M. Houston pay to the said A. Walcott & Co., the sum of $97.12, in goods in the store of G. M. Houston, within ten days from this date, and in default thereof, the said Walcott & Co. recover of said Houston the said sum in money, and that execution may issue therefor." In his affidavit for a writ of error from the District Court, Houston assigns error as follows :

" 1. The docket of said justice does not state the title of the case—statement of the nature and amount of plaintiff's demand—or return of process, to wit : the execution in the hands of the court, upon which the proceedings in garnishment purport to be had, as the same should be, as required by law.

" 2. The said docket does not show what time the said Houston was notified or required to appear and answer said garnishment.

" 3. In not rendering judgment by default against the said Houston, defendant in garnishment, upon his making default.

" 4. In making an order that the said Houston be required to appear, and show cause why judgment should not be rendered against him, for the amount of the original judgment.

" 5. In rendering, or attempting to render, judgment against said Houston, as garnishee in said cause, upon such notice or citation as was given or made, pursuant to the order of said justice.

" 6. In attempting to render judgment at any other time than at the time default was made.

" 7. In not notifying the defendant in said case, to appear and show cause why execution should not be issued against him.

" 8. In rendering up judgment in the alternative, instead of a sum certain and in money."

On the hearing of the writ of error, the District Court affirmed the decision of the justice, and rendered judgment against the garnishee for $97.71, with interest and costs. Houston appeals, and alleges that the District Court erred :

Houston, garnishee v. Walcott & Co.

1. In determining that the law does not require the justice to state on his docket the title of the case, the nature and amount of plaintiff's demand, the date of the issuing of the execution, and return thereof, the date of the garnishee notice, and the time fixed thereby for the garnishee to appear before the justice, and answer the same.

2. In determining that the law does not require the justice to render judgment against the said garnishee, on the day on which he was required to appear and answer said garnishment, and that judgment might be rendered at any subsequent day, without a continuance of the cause.

3. In determining that the justice did not err in making the order that said garnishee appear and show cause why *judgment* should not be rendered against him, and in not entering the *time* on his docket, *when* said garnishee was required to show cause, &c.

4. In determining that the said justice did not err in rendering, or attempting to render, judgment against said garnishee, after the time fixed by said garnishee notice, and after default made by him, upon said order to show cause, made by said justice.

5. In determining that said justice did not err in rendering a judgment in the alternative, instead of for a sum certain, and the indebtedness of the garnishee.

6. In determining that there was no error in the proceedings of the justice.

7. In determining that the said justice did not err in rendering a judgment against said garnishee on the said answer.

8. The answer of the garnishee was not sufficient in law, to render a judgment thereon against the garnishee.

9. In rendering judgment against the said garnishee for the amount in *money*, when it appears that the amount was due and owing in *goods*.

*Edwards & Turner*, for appellants, who cited, in support of the various points raised by the assignment of errors, the following authorities. Code, 310 ; *Sears* v. *Tubbs*, in this court, June T., 1854 ; *Hodges* v. *Britt*, Ib., Code, 266 ; *Kim-*

*ble* v. *Riggin*, 2 G. Greene, 245 ; *Evans* v. *Pierce et al.*, 2 Scam. 468 ; 1 Doug. 390 ; *Bigelow* v. *Stearns*, 19 Johns. 39.; Laws of 1852, 195 ; Code, 316 ; *Wilson* v. *Albright*, 2 G. Greene, 125 ; *David* v. *Ransom*, 1 Ib. 387 ; *Shepard* v. *Merrill*, 13 Johns. 475 ; *Burtch* v. *Nickerson*, 17 Ib. 218 ; 1 Texas, 732 ; U. S. Dig. 1850, 190.

*Samuel F. Miller*, for appellee, cited ; Code, §§ 2349, 2356 ; Ib. §§ 1892, 1869, 1873 ; *Wright* v. *Marsh et al.*, 2 G. Greene, 94 ; *Vorhies* v. *Bank United States*, 10 Peters, 449 ; Code, 337.

ISBELL, J.—With regard to the first specification in the first assignment of error, the fact is otherwise. The title of the cause is clearly stated in the docket of the justice. As to the second, it would have been more strictly regular to have stated the amount of the demand directly, without leaving it to be ascertained by reference to the files. But we do not recognize the right of the garnishee to inquire into the minor irregularities of the proceedings in the recovery of judgment, on which he may be summoned as garnishee. If such judgment be voidable, only on error or appeal, and not void, it is sufficient to protect the garnishee ; and to this extent, he should be limited in his investigation of it. This was clearly not a void judgment.

But, again, it is claimed that there is error, because the docket of the justice does not show a return of the execution on which appellant was summoned as garnishee. This execution was issued on the third, and judgment on the garnishment was entered on the thirteenth of March. The execution, by law, would run thirty days, and probably was not returned at the time judgment, charging the garnishee, was rendered. But, whether returned or not, the failure to enter its return on the docket, we do not regard as such error as will entitle the garnishee to a reversal. The third clause of section 2269 of the Code, on which this allegation of error is based, which provides that the justice shall keep a docket, in which he shall enter " the issuing of the process and return thereof," is directory to the justice ;

and if he fails to obey its directions, the proper remedy is against him, by compelling him, under the proper process, to make such entry.

With reference to the second assignment of error, and indeed all the other assignments, except the eighth, it is sufficient to say, that the party appeared without objection as to notice, answered, and submitted his answer to the court to pass upon it. The subject matter was within the jurisdiction of the court, and the party, by his own acts, brought himself also within its jurisdiction, if he was not properly there before. The justice was not called upon to pass upon the question of notice; the appellant waived any irregularity of notice by so appearing and submitting, and in that manner fully authorized the court to render a judgment. In the case of *Ulmer and Steinberger* v. *Hiatt and Harbine*, decided at the last term of this court, the original notice had not been served, but the party appeared, and moved for a *continuance*, for want of notice, which was overruled, and judgment entered for want of an answer. It was held, that by appearing and moving for a continuance, the defendants waived all defects in the service. See *Frink, &c.* v. *Whicher*, and *Clark* v. *Blackwell*, also decided at the last term of this court.

This view, we think, disposes of all the errors assigned, except the eighth. It will be observed that this eighth assignment does not allege error in the rendering of *a* judgment, or in the amount of it, but only that it is in the alternative. We are not called upon to determine whether the answer made justified the charging of the garnishee. True, we find in the errors assigned in *this court*, an assignment that goes this length, but it was not included in the affidavit on which the writ of error was based. The District Court has not passed upon it, and of it we can take no notice. This judgment, it is true, is not the judgment contemplated by the Code. By section 1871 of the Code, "the garnishee may, at any time after answer, exonerate himself from further responsibility, by paying over to the sheriff the amount owing by him to the defendant, and by placing at the sher-

iff's disposal the property," &c. By section 1873, a judgment shall be rendered against him, "unless he prefers paying or delivering the same to the sheriff, as above provided." If the garnishee refuses or neglects to make his election, the judgment should be for a sum certain and in money; but we fail to see how the allowing to the garnishee ten days, in which to make his election, could prejudice his rights. The opposite party might complain of this, if so disposed; but certainly the judgment ought not to be reversed, on the complaint of him for whose benefit it was so made.

Judgment affirmed.