### Schoppenhast *v.* Bollman and Wife.

ATTACHMENT—GARNISHMENT—PRACTICE.—Action by *A* and his wife on three promissory notes made payable to the latter by *B.* Answer by *B,* first to the whole complaint, that *A* is the owner and real party in interest in said notes, stating sufficient facts, and that, in a certain attachment proceeding against *A,* he had been compelled as garnishee to pay a large part of said notes, &c.; second, as to the third note, averring the same facts; third, as to the other two notes, averring the same facts. Demurrers sustained to the first and third, and overruled to the second, paragraphs. In the attachment proceedings relied upon in said paragraphs, the wife *A*

Schoppenhast *v.* Bollman and Wife.

was not a party.   *B,* in his answer in said proceedings as garnishee, stated that he executed the notes payable to the wife of *A* for the assignment to him by her and *A* of a certain title bond held in her name, but did not state that *A* was the owner and real party in interest in said notes.   In said attachment proceeding, there was a sufficient complaint originally filed on two notes, and an affidavit in attachment, sworn to by the plaintiff therein, stating that he had a just demand against the defendant therein on said two notes, which were due, and that the defendant was about to leave the State, with intent to defraud, &c.   Afterwards, and before the trial, another note between the same parties fell due, and, by amendment, was included in said complaint, but no additional affidavit was filed, and then judgment in attachment was rendered for the amount of all the notes.   The defendant in the attachment was only constructively notified of its pendency.   It is insisted that said attachment proceeding is wholly void as to the wife of *A,* because she was not a party thereto, and that it is wholly void as to them both, because of the error in taking judgment for the amount of three notes without an additional affidavit, and that *B* can not avail himself, as a defence herein, of the payments made by him as such garnishee.

*Held,* 1. That the demurrer by *A* and wife to the first paragraph of *B's* answer herein admits the ownership by *A* of the notes herein sued on as alleged in said paragraph.

2. That, although said proceedings in attachment were irregular, and the judgment erroneous, yet under the circumstances they are not absolutely void, but were such as the garnishee might regard in making payment, and that payment so made would discharge him from further liability to *A* or his wife.

3. That, where the defendant in attachment, in the main action, is personally served with process, the attachment is not the foundation of the jurisdiction, and in such case, if the attachment illegally issues, it is the privilege of the defendant alone to take advantage of it.

4. That, where the proceeding is *ex parte,* without personal service upon or appearance by the defendant, the jurisdiction is acquired over him only by an attachment of his property, and, if the

Schoppenhast *v.* Bollman and Wife.

latter illegally issues, the proceedings under it will be void, and in the latter case, the garnishee is therefore interested to know that the jurisdiction has duly attached, but has no right further to interfere in the proceeding, and he is not responsible for the regularity of the proceeding in the main action.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—Suit by the appellees on three promissory notes payable to said female appellee. Answer in three paragraphs. The first is to the whole complaint, and sets up facts to show that said *Bollman* is the real owner and the party in interest in said notes, so payable to his wife; and that said appellant, as a garnishee in certain attachment proceedings instituted against said *Bollman*, had been compelled to pay, &c., a great part of said notes, and for the balance a recovery had been obtained, &c.

The second paragraph is pleaded as a defence to the third note, and avers the same facts and the same recovery, &c. The third is pleaded as a defence to the other two notes and sets up the same payment as garnishee, &c.

Copies of the proceedings and judgments in said suits, &c., are set forth.

Demurrers were sustained to the first and third paragraphs, and overruled as to the second. Judgment upon the two notes first due for the plaintiffs, and, as to the other, for the defendant. Upon these rulings on demurrers, errors and cross-errors are assigned.

In the former suits and attachment proceedings said female plaintiff was not a party, and it is insisted that the record of those proceedings can in no measure conclude her.

We suppose the demurrer admits the truth of the allegations tending to show the real ownership of, or interest in, said notes. A question then arises as to whether they were subject, under the attachment proceedings, to *Bollman's* debts; and if so, whether, in such proceedings, averments

Schoppenhast *v.* Bollman and Wife.

setting forth the facts should have been made? Our statute regulating attachments authorizes the proceeding by garnishment against any person that is indebted to the defendant; sec. 175, p. 67, 2 R. S.; and from the day of the service of the summons in said proceeding, the garnishee shall be accountable to the plaintiff, &c. *Id.* 68.

The record of such proceeding shows that the garnishee, the present defendant, in his answer stated the facts that he gave notes payable to *Mrs. Bollman* for the assignment of a title bond, held in her name, by her and her husband, (but does not set out the circumstances as in the answer in this case,) and that he was not indebted to said *Herman Bollman,* unless these facts created an indebtedness. No further pleadings appear.

It is urged that the judgment in those proceedings was void as to *Mrs. Bollman,* because she was not a party, and because no evidence could have been received, under said pleadings, that would have authorized said judgment; and that those proceedings were void as to both *Bollman* and wife, for the reason that the proper affidavit and notice do not appear. The affidavit related to the two first notes due, and was against *Bollman* and wife. Before the trial the third fell due, and, by an amendment, was included in the complaint, and judgment given for all three of said notes against *Bollman* alone. If not void, it is urged the said proceedings were erroneous, and can not be enforced against one who was not a party and had no opportunity to proceed for the correction of said errors.

On the other hand it is insisted that, whatever irregularities and errors might have occurred, the garnishee was not in a situation to have them corrected, and was justifiable in paying off the amount found against him in the proceedings, under such circumstances. It is thus conceded that irregularities and errors do appear in the record, and the payment

Schoppenhast *v.* Bollman and Wife.

having been made on such record, can the defendant avail himself of it to defeat this action.

It appears to us that, as the demurrer admitted such matters as were well pleaded in the answer, sufficient facts are therein averred to show that said *Bollman* was the real party in interest in said notes; that his wife had not such interest therein as would enable her to join as a plaintiff. If this is a correct view, and we think it is, the case is stripped of much of the difficulty that would otherwise, apparently, surround it. Then the main question to be determined is, whether the record makes a case in which the maker of the notes can shield himself behind the judgment, (and payment thereof,) against him in the proceedings in garnishment.

That the said *Bollman* is the real party in interest we think is manifest from the facts pleaded and thus admitted. It is charged that he originally purchased and paid his money on the real estate named in part payment therefor and executed his notes for the residue; that the title bond was made to his wife to defraud his creditors, he being at the time indebted to divers persons; that he sold said real estate and she assigned said bond to the appellant and took the notes in her name with a like fraudulent intention; that she paid nothing and was not bound to pay, and had no property, &c.; of which appellant was ignorant at the time of his purchase. It is urged that the proceedings in attachment were void, or if not void, irregular and erroneous, and that no defence to the suit on the notes can be based upon payments made in pursuance of judgments rendered therein.

On the other hand, as before stated, it appears to be conceded that said proceedings were irregular, but not invalid, and that the defendant in said garnishment was bound thereby.

The grounds for assuming that the proceedings were void are that the affidavit and notice were not in accordance with

the statute prescribing the mode of proceeding in attachments.

Before examining the record upon the points in controversy, we will state some propositions in relation thereto, which appear to be settled:

1. Where the defendant, in the main action, is personally served with process, the attachment is not the foundation of the jurisdiction, but is a conservatory measure allowed to the plaintiff for the purpose of securing his demand. Drake on Att., § 692.

2. Where the proceeding is *ex parte*, without any service upon or appearance by the defendant, jurisdiction is acquired over him through an attachment of his property. *Id.*

Upon the first proposition, if the attachment illegally issues, it is nevertheless the privilege of the defendant alone to take advantage of it.

In the second case, as the attachment is the basis of the jurisdiction, if it be issued without legal authority, the proceedings under it are void.

From these propositions it results that, where the defendant is personally before the Court the garnishee is not in a condition in which it is compulsory upon him to question the jurisdictional legality of the proceedings, or their regularity as to the defendant. But where the defendant is not personally before the Court, the garnishee is concerned, as to the main action, only in the question of jurisdiction. Where that has attached, his right to inquire into or interfere with such procedure is at an end; for all that he is interested in is, that the attachment proceedings against himself shall protect him in another suit. That they will do so though there be in them errors and irregularities, for which the defendant might obtain their reversal, there can be no doubt. 3 B. Mon. 502; 12 Ill. 358; 1 Iowa 86; 8 Blackf. 419.

He could not, therefore, reverse a judgment against him on

account of mere irregularities in the main action. They effect only the defendant, and it is for him to take advantage of them or to inquire into the merits as between himself and the plaintiff. 9 Missouri, 421; 29 Alabama, 141; 1 Ind. 156; 14 Louisiana, 511.

It follows that a garnishee, to be entitled to the benefit of a payment made under a judgment against him as such, is not to be held responsible for the regularity of the proceedings in the suit in which he is garnished. 19 Alabama, 246; 3 Stewart, 326; 8 Blackf. 418.

One of the grounds for an attachment is, "that the defendant is secretly leaving the State with intent to defraud his creditors." 2 G. & H. 138. It is further provided that, "the plaintiff, or some person in his behalf, shall make an affidavit showing: 1st. The nature of the plaintiff's claim; 2d. That it is just; 3d. The amount which he believes the plaintiff ought to recover; 4th. That there exists in the action some one of the grounds for an attachment above enunciated." Id. 140.

The affidavit filed in the case under consideration was made by the plaintiff, and averred that he had a just and legal demand then due against the defendant, in two notes, for the sum of 325 dollars with the interest thereon; that defendant was about to leave, &c.

There was a complaint also filed on the two notes, giving copies of them. Afterwards, and before the trial, another note between the same parties fell due, and by an amendment was included in the complaint, and the judgment embraced the amount of all three of the notes. No additional affidavit was filed.

We are of opinion that, under the circumstances, the judgment in the attachment thus set out was not absolutely void, for this reason: The proceedings were irregular and said judgment perhaps erroneous, but such as the garnishee might regard in making payment, and such as he may rely upon in

Schoppenhast *v.* Bollman and Wife.

defence of this action upon said notes. But however this may be, there is another view which leads to the same result.

We are asked to say that the proceedings thus set forth are absolutely void, because this third note was thus included in the judgment.

This would be placing the whole defence upon the second paragraph of the answer; whereas the third paragraph was limited to this third note and shows that the same had been assigned by the present female plaintiff to a firm of which her husband was a member, and they assigned it to others, who sued the present appellant upon it, and he, in defence, set up the attachment proceedings now relied upon, as to all of said notes except a sum named, which had been tendered, and a reply in denial was filed; a trial had, and judgment for said sum so tendered. As to the third note, the judgment so rendered for said balance would, under the circumstances, whilst it remains in force, preclude another action upon the same note. However erroneous said judgment might be, yet in it the said note was emerged, on the facts shown.

As to the other two notes, the other paragraph of the answer sets up the attachment proceedings and payment as a garnishee, as a defence. We believe in that the defence was well made for the reasons heretofore given.

As to the question of notice of the pendency of the attachment proceedings, it is assumed in the brief of the appellee that three weeks publication, sixty days before, &c., was necessary, and that said time did not elapse before the institution of proceedings by one *Hausman*, and the term at which judgment was rendered, and that said proceedings were independent of the first p roceedings in attachment, and not a claim filed thereunder.

There is no statute cited requiring sixty days publication, nor have we found any other than the general provision in reference to publication of notices; § 38, p. 63, 2 G. & H.;

and that fixes the time at thirty days. We are also of opinion, from the whole record, that the proceedings by *Hausman* was for the purpose of becoming a party to the action, as provided in favor of any creditor. *Id.* p. 147. Such being the fact no notice, other than in that action was necessary.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*N. B. & C. Taylor*, for the appellant.

*J. Caven*, for the appellees.