## FISHER ET AL. *v.* ALLISON ET UX.

INSTRUCTIONS.—*Practice.*—Instructions may be given either orally or in writing, when the court is not requested to give them in writing.

SAME.—*Bill of Exceptions.*—The giving or refusing to give instructions must be excepted to, and must be presented on appeal by bill of exceptions, or by exceptions noted as required by the statute.

EVIDENCE.—*Ground of Objection.*—The ground of objection to the admissibility of evidence should be pointed out to the court below, and stated in the bill of exceptions.

SAME.—When evidence is excluded, the exclusion may be sustained on the ground assumed in the court below, or on any other valid ground.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellees.

DOWNEY, J.—Margaret Allison, and her husband, John T. Allison, sued Daniel Fisher and Nathaniel F. Dunn. Margaret Allison owned a house and ground in Noblesville. The defendants owned adjoining ground, and erected a building thereon. It is alleged in the first paragraph of the complaint, that the defendants threw on the roof of her house, which was "a good tight roof, made of shingles of wood," a large amount of brick, mortar, dirt, timber, and other rubbish, whereby the shingles of said roof were displaced and broken, in consequence of which it leaked, and the water ran into the house and the walls thereof, damaging the papering and plastering of the same.

In the second paragraph of the complaint, it is stated, that in excavating for the foundation of their house, the defendants negligently and unlawfully undermined the walls of the plaintiffs' said house, causing the walls to sink and crack, and permanently injuring the same.

The answer was a general denial. A trial by jury ended in a verdict for the plaintiffs, assessing their damages at eighteen dollars. A motion for a new trial was made by the defendants, and overruled by the court, and there was judgment on

the verdict. The only properly assigned error is the overruling of the motion for a new trial.

The first reason for a new trial was, that the verdict was contrary to law; the second, that it was contrary to the evidence; and the third, that the verdict was not sustained by sufficient evidence.

We are satisfied, from an examination of the record, that these reasons for a new trial were properly disallowed.

The fourth reason was, that the damages were excessive. There is nothing in this reason. The evidence fully warranted the amount of damages given.

The fifth reason was, that the court gave a part of his charge to the jury orally, and part in writing. We know of no authority for holding this to be erroneous. Had the court been requested to give the charge in writing, and refused to do so, it would have been error. But no such case is shown by the record.

The sixth reason was the giving of instructions one, two, and three, asked for by the plaintiffs. The instructions to which reference is made are not in any bill of exceptions, and no exception to the giving thereof is noted by counsel, as required by statute. 2 G. & H. 201, sec. 325.

The seventh reason for a new trial was the refusal of the court to give instructions numbered one and two, asked by the defendants. These instructions, like the others, are not in any bill of exceptions, and counsel have not noted thereon any exception to the refusal to give them.

The eighth reason was the overruling of an objection made by the defendants to certain evidence offered by the plaintiffs. The bill of exceptions shows that the defendants objected to the admissibility of this evidence, but does not show that the ground of the objection was pointed out to the court. It was only fair to the court trying the cause that the ground of the objection should have been stated; and the bill of exceptions should state that this was done, and also what the objection was. The party must then make good the objection in this court, and cannot succeed by showing some other objection

here. When the court excludes evidence, its decision may be sustained on any ground, whether the ground assumed in the court below, or on some other.

The judgment is affirmed, with ten per cent. damages and costs.