Huddleston *et al. v.* Ingels *et al.*

———————◆———————

## HUDDLESTON ET AL. *v.* INGELS ET AL.

PRACTICE.—*Bill of Exceptions.—Deed.*—A bill of exceptions may show that a certain deed was given in evidence; yet if it is not set out, its contents cannot be known or considered on appeal.

EVIDENCE.—*Sheriff's Deed.*—A sheriff's deed of conveyance, of itself, is not evidence of the authority of the sheriff to sell, or of a judgment or execution.

SAME.—*Action to Recover Real Estate.*—In an action to recover real estate, the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's.

SAME.—*Title.*—It is not sufficient, in an action to recover real estate, for the plaintiff to trace his title back to a remote grantor, without further evidence of title or possession in such grantor.

From the Wayne Circuit Court.

*W. A. Peelle, H. Fox,* and *C. Ballenger,* for appellants.
*J. P. Siddall* and *W. A. Bickle,* for appellees.

WORDEN, J.—This was an action by the appellants against the appellees, to recover possession of lot No. 3 in block No. 9, in the town of Milton, in Wayne county, Indiana. Issue, trial by the court, finding and judgment for the defendants.

The plaintiffs below appealed, and the only question presented is, whether the finding is sustained by the evidence. As the evidence comes up to us, it fails to make out any title in the plaintiffs, or any right to the possession of the property.

A deed was given in evidence from Alexander Jones and his wife to John Miller, dated August 18th, 1841, for the premises in controversy. The bill of exceptions also shows that a deed was given in evidence from John C. Page, sheriff, to John N. Seebrick, but this deed is not contained in the bill of exceptions, the clerk stating that it is not on record or on file, and the record does not show for what property it was executed. There was no evidence of any judgment or execution against Miller, nor was any authority shown by which the sheriff could sell the property of Miller, even had it appeared that the deed from the sheriff was for the property in controversy.

Then there was a deed from John N. Seebrick and his wife to John W. Macy, Zimri Plummer, and John Confair, trustees of the Wesleyan Methodist Church, in the town of Milton, and their successors, for the lot. This deed bears date September 5th, 1859. This was followed by a deed from John H. Frazee, John Confair, and Jeremiah H. Martin, trustees of the Wesleyan Methodist Church, in Milton, of Wayne county, in the State of Indiana, to Zena Powell, John Spangler, and Thomas I. Shawcross, trustees of the United Brethren Church in Christ, of Milton, of Wayne county, in the State of Indiana, for the undivided half of the lot, the deed bearing date February 14th, 1861.

Then follows a deed from Frazee and Plummer, as such trustees, to John Huddleston, for the undivided half " of the

brick church property, known as lot No. three (3) in block No. nine (9), in the town of Milton, except so much off the west side of said lot as has been heretofore taken by the railroad and sold to Daniel Miller." This deed bears date September 20th, 1869. This is all the plaintiffs' evidence of title.

The ancient rule of the law, that in actions to recover real estate the plaintiff must recover upon the strength of his own title, and not upon the weakness of his adversary's, is still in force.

Assuming that Alexander Jones had title to the property when he executed a deed for it to John Miller, the title, for aught that appears in the evidence before us, is still in the latter, for it does not appear that he ever conveyed it, nor that any one else, having competent authority, ever conveyed it from him. We have already seen that the deed from Page, the sheriff, is not before us, nor was there any evidence of his authority, nor, indeed, does it appear that he made any conveyance of the property in controversy. Moreover, it will scarcely do to assume that Jones had title to the property without some further proof on the subject, as that he was in possession, or that he had in some way acquired a title. The plaintiffs entirely failed, so far as we can see from the evidence before us, in showing title in themselves, and therefore they can not recover, whether the defendants have any title or not.

There are some other questions discussed by the counsel for the appellees, upon which they ask us to pass; but this we decline to do, as the judgment must be affirmed for the reasons before stated; and whatever our views might be on those questions, they could not affect the result. It may be observed that the counsel for the appellees make the point here that the appellants failed in the court below to trace title to themselves.

The judgment below is affirmed, with costs.