## BINGHAM v. STUMPH.

BILL OF EXCEPTIONS.—*Affidavit.*—*Supreme Court.*—*Superior Court.*—An affidavit to set aside a default cannot be considered, either on appeal from a special term of a superior court to the general term or on appeal to the Supreme Court, if not made a part of the record by bill of exceptions.

From the Marion Superior Court.

*J. S. Harvey* and *F. J. Mattler*, for appellant.

*C. L. Holstein*, for appellee.

PETTIT, J.—The appellee sued the appellant; there was a default, and judgment in favor of the appellee against the appellant. The appellant, as he claims, moved and filed an affidavit to set aside the default and allow him to answer.

This was overruled in special term. An appeal was taken to the general term.

In the general term, this ruling was assigned for error, and the general term affirmed the action of the special term. An appeal was taken to this court, and the action of the superior court in general term, in affirming the judgment in special term, is assigned for error.

There was no question properly before the superior court in general term, nor is there before us, because the affidavit to set aside the judgment by default was not before that court in general term or in this court by a bill of exceptions. An affidavit to set aside a default is not a part of the record unless made so by a bill of exceptions.

The judgment is affirmed, at the costs of the appellant.