Vanderkarr *v*. The State.

---

## VANDERKARR *v*. THE STATE.

CRIMINAL LAW. — *Indictment.* — If an indictment be signed by the prosecuting attorney by his surname in full and his Christian name by its initials, it is, in this respect, sufficient.

| 51 | 91 |
| 145 | 532 |
| 51 | 91 |
| 156 | 294 |
| 51 | 91 |
| 164 | 323 |
| e164 | 324 |

Vanderkarr *v.* The State.

SAME.—*Practice.*—*Change of Venue.*—Where a defendant on trial for a criminal offence moved for a change of venue on the ground of the prejudice of the judge, and his motion was overruled, and after the trial a new trial was granted, and the motion for a change of venue was renewed, and the change was granted, the ruling upon the first motion for a change was not available as error.

SAME.—*Discharge of Jury.*—Where the jury, after the commencement of the trial of a criminal cause, is discharged, in the absence of a bill of exceptions showing the grounds upon which the discharge was made, the court will presume the discharge to have been right; and in such case a *venire de novo* may be ordered.

SAME.—*Practice.*—*Adjournment of Trial.*—Where a court, over the objection of the defendant, adjourned the trial of a criminal cause for a period of four days, the ruling was presumed to be correct, the record showing nothing against it.

SAME.—*Bill of Exceptions.*—To raise any question upon the admission or exclusion of evidence, the bill of exceptions must show the evidence admitted or excluded, as well as its connection with other evidence.

SAME.—*Instructions.*—Where no exception has been taken to the giving of an instruction, no question can be raised thereon in the Supreme Court.

SAME. — *Record.* — *Bill of Exceptions.* — Only such entries of the clerk as he is required to make officially are a part of the record, unless made so by a bill of exceptions.

SAME.—A matter of record must be made by the judicial sanction of a court, and not by the mere act of the clerk. He can only copy and certify what it is; and matter copied and certified by him which is not of the record has no validity.

From the Fulton Circuit Court.

*Essick & Holman* and *Calkins & Slick,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.—Indictment against the appellant for murder. The charge is for killing John J. Wallace. A motion to quash the indictment was overruled, and exception taken. Under this exception four points are made :

1. That the presentment is not in the name of the State of Indiana.

2. That the indictment is not properly signed by the prosecuting attorney.

3. That it was not properly returned into court.

4. That the venue is not alleged to each fact charged.

Vanderkarr *v*. The State.

We cannot perceive that assignments one, three and four exist in fact. The record shows the presentment to be in the name of the State, and that the indictment was properly returned into court; and the indictment shows that the venue is properly alleged. The indictment is signed, "P. O. Jones, Prosecuting Attorney."

It does not seem that at the common law any signature of an officer was necessary to an indictment. 4 Bl. Com. 302 to 308; *M'Gregg* v. *The State*, 4 Blackf. 101. By our code, the "indictment must be signed by the prosecuting attorney." 2 G. & H. 394, sec. 17; *Heacock* v. *The State*, 42 Ind. 393.

We think, as a signing by the surname in full and the Christian name by its initial is generally sufficient in official signatures, that it ought to be held good in the signature of a prosecuting attorney.

The indictment, in our opinion, is sufficient.

The appellant pleaded not guilty, was tried by a jury, and convicted of manslaughter. On motion and cause shown, a new trial was granted. A second trial by jury was had, and a second conviction of manslaughter. Over a motion for a new trial, and exception taken, judgment was rendered on the verdict.

In the midst of the first trial, a motion for a change of venue was made by the appellant, "owing to the prejudice of the judge," and overruled. After a new trial was granted, the motion was renewed and allowed; yet the appellant assigns and still insists upon the first ruling as error. There is nothing in the point.

After the commencement of the second trial, it appears by the recitals of the record, that the court discharged the jury, over the objection and exception of the appellant, on account of the continued sickness of one of the jurors. This is assigned and urged upon us as error; but the grounds upon which the court discharged the jury are not shown us by a bill of exceptions, and therefore are not in the record. We must presume that the ruling was right.

The court adjourned the case from the 26th to the 30th day of August, 1875. This is excepted to, also; but, as the record shows nothing against the ruling, it must also be presumed to have been correct.

After the jury was discharged, the court ordered a *venire de novo*, over the objection of the appellant. This is complained of. If a jury trial was desired, we do not know what else the court could have done. There is no error in this.

A bill of exceptions informs us that, during the trial, the appellant, for the purpose of proving that he had been once tried upon the same charge, offered in evidence " a certain record of the said Fulton Circuit Court, named and known as ' Order Book G,' of the Fulton Circuit Court, all that part of said record on pages 26, 28, 29, 30, 31, 32, 33, 56, 57, 60, 69, 70, 72 and 90, relating to a former trial of this defendant for this identical offence."

Objection was made by the State to this evidence, and sustained.

The bill of exceptions does not show us what the evidence offered was. We cannot know whether it was in favor of the appellant or against him, whether it showed his conviction or acquittal. We must presume the court ruled correctly.

Another bill of exceptions shows us that the State, during the trial, asked a witness the following question: "What do you know, if anything, of John D. Vanderkarr, the defendant, inviting John J. Wallace to his house within two years prior to his decease? If you know anything, please state." To this question, over the objection and exception of the appellant, the witness was allowed to answer as follows: " I heard Vanderkarr invite him."

This answer seems to us entirely useless and harmless. If such an invitation was so connected with some other fact as to make it objectionable as evidence, that should have been shown by the bill of exceptions. How such a question and answer could aid the State, or injure the appellant, we can-

not perceive. To make the ruling erroneous, it must be shown to have been wrong.

Several other bills of exceptions are in the record, complaining of the admission of evidence to the jury, over the objections and exceptions of the appellant, but none of them show what the evidence was. From what has been said, we need not, therefore, separately, or any further, notice them.

In his brief, the appellant complains of the giving of certain instructions to the jury by the court; but in the record we can find no trace of any exceptions having been taken to them, whatever. The instructions are not signed by the judge, nor marked " given and excepted to," and signed by the party or his attorney (2 G. & H. 200, 201), nor made a part of the record by a bill of exceptions, nor brought before us in any known mode of practice. We cannot, therefore, consider them.

Various causes are assigned for a new trial, and numerous papers purporting to be affidavits in support of the motion are copied into the proceedings by the clerk, but in no way made a part of the record.

Only such entries as the clerk is required to make officially are a part of the record, unless made so by a bill of exceptions, or in some way known to the law. If these affidavits had been merely filed, without the court having either considered, read, or even heard of them, the record would have been the same — if the clerk could make a record—as it is now.

A matter of record must be made by the judicial sanction of a court, not by the mere act of the clerk. He can only copy and certify what it is; and whatever he copies and certifies that is not record, has no validity. This practice was settled soon after the code went into effect, and has ever since been uniformly maintained. It seems to us plain, proper and necessary; yet there are records daily before us, with errors assigned, briefs filed, labor expended, and expenses incurred, as if no such rule existed. We are thus

· kept at continual labor digesting records, and writing out decisions which have been made over and over again.

The long record we are considering neither brings the evidence before us, nor raises a single question of law, except as to the manner of signing the indictment by the prosecuting attorney; yet, under our constitutional obligation, we are compelled to examine many questions, both of law and fact, to ascertain what we cannot decide.

We commend the following authorities to the attention of the bar: 2 G. & H. 273, sec. 559; *Corey* v. *Rhineheart*, 7 Ind. 290; *Wheeler* v. *The State*, 8 Ind. 113; *Jolly* v. *The Terre Haute Drawbridge Co.*, 9 Ind. 417; *The State* v. *Bartlett*, 9 Ind. 569; *Trout* v. *West*, 29 Ind. 51; *The Cincinnati and Chicago R. R. Co.* v. *Washburn*, 25 Ind. 259; *Whaley* v. *Gleason*, 40 Ind. 405; *Betson* v. *The State*, 47 Ind. 54; *Patterson* v. *Lord*, 47 Ind. 203; *Huddleston* v. *Ingels*, 47 Ind. 498; *Hopkins* v. *The Greensburg, etc., Turnpike Co.*, 46 Ind. 187; *The Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239; *Kellenberger* v. *Perrine*, 46 Ind. 282; *The Aurora Fire Insurance Co.* v. *Johnson*, 46 Ind. 315; *Willey* v. *The State*, 46 Ind. 363; *Long* v. *The State*, 46 Ind. 582; *Fisher* v. *Allison*, 46 Ind. 593; *Bingham* v. *Stumph*, 48 Ind. 97.

The judgment is affirmed.