Dunn *v.* Barton.

Filed Oct. 13, 1891.

---

No. 181.

DUNN *v.* BARTON.

EVIDENCE.—*Exclusion of.—Ground of Objection.*—The exclusion of evidence can not be regarded as error if it can be sustained on any grounds, though not expressed by a party, or by the court, as a reason for the rejection.

SAME.—*Rejection of in Support of Bad Answer.*—There is no error in rejecting evidence in support of a bad answer.

PLEADING.—*Answer.*—An answer must respond to the entire complaint, or to so much of the cause of action as it purports to answer; and if it purports to be in bar of the entire cause of action stated in the complaint, but answers only a part thereof, it is insufficient.

ATTACHMENT.—*Judgment Against Garnishee.—Partial Defence in Action by Attachment Defendant.*—The judgment against the garnishee, in an attachment proceeding, does not amount to *res judicata*, as between him and the attachment defendant, so that the latter in his subsequent action against the former for the debt will be concluded thereby as to

the amount of the debt. Such judgment against the garnishee is not a complete bar to such subsequent action for a greater amount, but is a good partial defence.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray,* for appellant.

*D. Fraser,* for appellee.

BLACK, J.—The appellee sued the appellant upon an account, the complaint showing a cause of action for the recovery of thirty-six dollars.

The action was commenced on the 12th of January, 1889, and the account filed as a bill of particulars bore date January 10th, 1889.

Issues were formed, which were tried by jury, the verdict being for the appellee.

The appellant's motion for a new trial was overruled.

The only question argued by appellant relates to the exclusion of certain evidence offered by him in support of his third paragraph of answer.

That paragraph was as follows:

" Par. 3. Said defendant, for a third and further answer to plaintiff's amended complaint, says that on the 26th day of December, 1888, he was indebted to the plaintiff in the sum of $29.20 ; that on said date, and prior to the commencement of this action, one Edward Stanley sued this plaintiff before one William McEwen, a justice of the peace of said Parish Grove township, in said county, upon an account for board and lodging and other items of indebtedness, and caused a summons to issue thereon ; that at the time of the filing of said account and the causing of said summons to issue, the said Edward Stanley filed his affidavit and undertaking in attachment, and also his affidavit alleging that this defendant was indebted to the plaintiff; whereupon said justice approved said undertaking in attachment, and caused a writ of attachment and summons to issue to a constable ; that, on the 29th day of December, 1888, all of said writs were duly

returned fully executed ; that all of said writs were return-
able on the 29th day of December, 1888, at the hour of 10
o'clock, A. M., at which time said cause was set for trial;
that this plaintiff, the said Edward Stanley, and this de-
fendant, John Dunn, appeared to said action ; whereupon a
jury was called, and said cause was submitted for trial, and
the jury, after hearing the evidence of all the parties, re-
turned a verdict for the said Edward Stanley, assessing his
damages at $20 against this plaintiff, and further finding that
said attachment proceedings ought to be sustained, and that
this defendant, garnishee defendant therein, was indebted to
the said Stanley in the sum of $29.20, being the same in-
debtedness mentioned and set forth in this plaintiff's com-
plaint; that said justice of the peace, after, being fully ad-
vised in the premises, adjudged and decreed that the said
Edward Stanley recover of and from this plaintiff, Jeremiah
Barton, the sum of $20, and that said attachment proceeding
be in all things sustained ; and said justice of the peace
further ordered, adjudged and decreed that this defendant,
John Dunn, was indebted to this plaintiff, Jeremiah Barton,
in the sum of $29.20, and further ordered and adjudged that
the said defendant, John Dunn, pay into said court said sum
of money, and that the said Edward Stanley have judgment
for said sum, and that the defendant, Jeremiah Barton, pay
the costs of said proceeding; that said judgment was in all
things duly given ; that said justice of the peace had full,
complete and ample jurisdiction of the subject-matter, and
of all the parties to said proceedings; that said judgment
so rendered in said proceeding is still in full force, unre-
versed and unappealed from, and that all matters and things
embraced and embodied in plaintiff's complaint in this ac-
tion were fully considered, passed upon and adjudicated in
said proceedings before said justice of the peace. Wherefore
defendant prays judgment for costs."

The excluded evidence was the record of the proceedings
and judgment in the action before the justice of the peace.

Dunn *v.* Barton.

The exclusion of evidence can not be regarded as error if it can be sustained on any ground, though not expressed by a party, or by the court, as a reason for the rejection. *Fisher* v. *Allison,* 46 Ind. 593.

There is no error in rejecting evidence in support of a bad answer. *Bane* v. *Ward,* 77 Ind. 153; *State, etc.,* v. *Julian,* 93 Ind. 292; *Postel* v. *Oard,* 1 Ind. App. 252.

An answer must respond to the entire complaint, or to so much of the cause of action as it purports to answer; and if it purports to be in bar of the entire cause of action stated in the complaint, but answers only a part thereof, it is insufficient. To be good for any purpose, it must be good for all it purports to answer. *Cornwell* v. *Hungate,* 1 Ind. 156; *Moffitt* v. *Roche,* 76 Ind. 75; *Mark* v. *Murphy,* 76 Ind. 534; *McLead* v. *Ætna Life Ins. Co.,* 107 Ind. 394; *State, ex rel.,* v. *Parrish,* 1 Ind. App. 441.

The cause of action stated in the complaint was for thirty-six dollars.

The third paragraph of answer purported to be in bar of the entire cause of action stated in the complaint, but it did not show a complete defence.

The allegation that the indebtedness of the appellant found by the verdict rendered before the justice was the same indebtedness mentioned and set forth in the appellee's complaint, and the allegation that all matters and things embraced and embodied in the appellee's complaint in this action were fully considered, passed upon and adjudicated in said proceedings before said justice of the peace, did not do more than identify the judgment of the justice against the garnishee as being for a part of the cause of action stated in the complaint in the case at bar.

The judgment against the garnishee in an attachment proceeding does not amount to *res judicata,* as between him and the attachment defendant, so that the latter in his subsequent action against the former for the debt will be concluded thereby as to the amount of the debt.

Such judgment against the garnishee is not a complete bar to such subsequent action for a greater amount, but is a good partial defence. *Cornwell* v. *Hungate, supra; Barton* v. *Allbright,* 29 Ind. 489 ; 2 Wade Attach., sections 525 and 528, and cases cited.

The answer showed a defence only to the extent that the facts stated amounted to a defence.

The judgment is affirmed, with costs.

Filed Oct. 13, 1891.