TUCKER ET AL. *v.* INDIANA ASPHALT PAVING COM-
PANY ET AL.

[No. 12,407.   Filed April 30, 1926.   Rehearing denied December
17, 1926.   Transfer denied November 1, 1927.]

1. MUNICIPAL CORPORATIONS.—*Limitations on injunctions and
appeals from decision of board of works as to street improve-
ments in §§10344, 10440 Burns 1926, have no application to
cross-complaint by defendant in action to foreclose· street im-
provement lien where fraud is· charged in the construction and
acceptance of the improvement.*—Sections 10344, 10440 Burns
1926, limiting the time for injunction or appeal from the de-
cision of the board of works as to street improvements have
no application to a cross-complaint by a defendant in an action
to foreclose the lien of an assessment for a street improve-
ment, the cross-complaint alleging fraud on the part of the
contractor in the construction of the improvement and on the
part of the city in accepting the improvement.   p. 447.

2. MUNICIPAL CORPORATIONS.—*Where fraud is averred and
proved in constructing street improvement, and in the accept-
ance of the improvement, the assessment roll may be set aside
on cross-complaint in assessment lien foreclosure against prop-
erty owner.*—Where fraud on the part of the contractor in con-
structing a street improvement and on the part of the city
authorities in accepting the improvement is averred and proved,
the acceptance of the work and the assessment roll may be set
aside on cross-complaint in ·foreclosure of assessment against
property owner.   p. 448.

3. PLEADING.—*Answer setting up estoppel to object to the curb,
gutter and sidewalk of a street improvement held insufficient
where pleading to which it was addressed charged defective
work in the entire street.*—Where a cross-complaint filed in a
proceeding to foreclose an assessment for a street improvement
charged fraud in the construction of the entire street, an an-
swer thereto setting up estoppel of the defendant to object to
the curb, gutter and sidewalk was insufficient under the rule
that an answer must respond to the entire complaint or to so
much of it as it purports to answer.   p. 449.

4. PLEADING.—*Answer must respond to entire complaint, or to
so much of it as it purports to answer, or it will be bad on
demurrer for want of facts.*—An answer must respond to the
entire complaint, or to so much of it as it purports to answer,
or it will be bad on demurrer for want of facts.   p. 449.

From the Morgan Circuit Court; *Joseph W. Williams,*
Judge.

Action by the Indiana Asphalt Paving Company against William Tucker and others, in which defendants filed a cross-complaint. From a judgment for plaintiff, the named defendant and another appeal. *Reversed.* By the court in banc.

*John F. Regester* and *James B. Wilson,* for appellants. *S. C. Kivett* and *Walker & Hollett,* for appellee.

NICHOLS, C. J.—Action by appellee Indiana Asphalt Paving Company, called "appellee" hereinafter, against appellants to foreclose a street assessment lien on real estate owned by appellant William Tucker in the city of Bloomington, Indiana. Appellants answered the complaint by a general denial. They also filed their cross-complaint in two paragraphs, the first of which alleged fraud on the part of the contractor in the construction of the street, and fraud on the part of the city in accepting the same and adopting the assessment roll. The second paragraph charged fraud on the part of the contractor in the construction of the street and that the city was fraudulently induced to accept said street and adopt the assessment roll. The first paragraph of cross-complaint asked for damages in the sum of $500, and both paragraphs asked to have the assessment roll set aside. Appellee answered appellants' cross-complaint in three paragraphs, the first being a general denial. The second paragraph avers full compliance with the terms of the contract, and, after due notice and frequent hearings, the adoption of the assessment roll, by the terms of which appellants' property was assessed; it then avers that, by the provisions of the statute (§10344 Burns 1926), any party aggrieved by any action of the board of public works or common council may file a complaint in review of such action within twenty days from such action, and further that, by the provisions of the statute (§10440 Burns 1926),

anyone desiring to take any exceptions or objections must file an injunction within ten days from the execution of the contract, or prior to the actual commencement of the work. Such answer further avers that the cross-complainants did not, during the progress of the work, or within ten days after the execution of the contract, or before the commencement of the work thereon, file an injunction suit challenging the validity of such contract, and did not take an appeal within ten days from the time the common council of the city of Bloomington rendered its decision that said contract had been fully completed, and that it did not within twenty days from the date alleged when the common council of the city of Bloomington confirmed the assessment roll, take an appeal from the act of such common council in so confirming such assessment roll, further averring that the cross-complainants, having failed to take any steps by way of an injunction or appeal, are now estopped to question the validity or the good faith of the contract, or action of the common council of the city of Bloomington in confirming the assessment roll.

The third paragraph of answer alleges, *inter alia,* that appellants, along with other property owners, objected to the character of the construction of the sidewalks and curbs, and that the common council rescinded its action and co-operated with a committee in taking such steps as would result in a correction of many defects which are alleged in the cross-complaint to have been made in the construction of the sidewalks and curbs; that the common council proceeded to view said street with such committee representing the property owners, including cross-complainants, and, by oral agreement between such property owners, committee, common council and appellee, it was agreed that the cross-complainants, represented by such committee, should select a competent engineer to co-operate with

the city civil engineer to mark all places to be taken out and reconstructed, and that appellee agreed so to do; that such engineer was selected, who, together with the city civil engineer, marked the sections of curb and sidewalks which should be replaced, that the same were replaced by appellant according to such agreement, that said engineers thereupon reported a substantial compliance with the plans and specifications, and that thereupon, in full compliance with such agreement with the cross-complainants and the common council of the city of Bloomington, and according to the report of the engineers, the common council confirmed, with modification, the primary assessment roll, fully and completely carrying out the said agreement. It is then averred that, by the reason of the foregoing facts, the cross-complainants were estopped to deny that the work was not done in substantial compliance with the contract, plans and specifications, and were estopped to deny the validity of the assessment roll as adopted by the common council of the city of Bloomington according to the provisions of the contract.

A demurrer to each of these paragraphs of answer was overruled.

Section 10440 Burns 1926, §8710 Burns 1914, provides that in the event of the execution of any contract for any public improvement, the validity of such

1. contract shall not subsequently be questioned by any person except by suit to enjoin the performance of such contract instituted within ten days from the execution thereof, or prior to the commencement of the work. In this case, appellants do not challenge the validity of the contract, but do present that the same, as a valid contract, was not carried out because of the fraudulent acts of appellee, and appellants ask that, because of such fraud, the acceptance of the street by the city, and the adoption of the assessment roll be set aside

as fraudulent, and, in the first paragraph of cross-complaint, they ask for damages because of the fraud perpetrated on them. This section of the statute, even in the absence of fraud, can certainly have no application to the situation here involved, and neither this section nor §10344, *supra,* can have any application under the facts in this case as averred in each of the paragraphs of cross-complaint.

In *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863, the action was for the foreclosure of a street lien such as in the instant case, and the court, hold-

2.  ing that the answers were insufficient in facts to constitute a defense to the action, said that, in the absence of fraud, the property owner cannot be heard to say, by way of defense to an action to enforce an assessment against his property, that the work was not done according to contract, and further, for the purpose of showing fraud, it is not sufficient to employ epithets and conclusions. We have no occasion to be out of harmony with the law in Dawson case as announced, but, in this case, there was no absence of averments of fraud. Fraud is specifically averred and the specific facts constituting the same are averred, and if such fraud is proved, the acceptance of the street by the city and the adoption of the assessment roll may be set aside by a direct proceeding as by the cross-complaint herein. *State, ex rel.,* v. *City of Indianapolis* (1919), 188 Ind. 685, 123 N. E. 405. The second paragraph of answer, based as it was upon the two sections of the statute above referred to, and, upon which appellees rely, did not constitute a defense to appellant's cross-complaint based on fraud, and the demurrer thereto should have been sustained.

By memorandum to their demurrer, appellants present that the third paragraph of answer to their cross-

complaint is insufficient for the reason that such paragraph does not pretend to answer the cross-complaint as a whole, but only as to an estoppel of the cross-complainants with reference to the grade of the curb, gutter and sidewalks in question, whereas, the cross-complaint alleges fraud and great damage to the cross-complainants on account of the failure of appellee to place on the street proper either the kind or quantity of materials required by the contract. This objection to the third paragraph of answer to the cross-complaint was well taken. It is a well-established rule of pleading that an answer must respond to the entire complaint, or to so much of it as it purports to answer, or it will be bad on demurrer for want of facts. *McLead* v. *Aetna Life Ins. Co.* (1886), 107 Ind. 394, 8 N. E. 230; *Dunn* v. *Barton* (1891), 2 Ind. App. 444, 28 N. E. 717. Having reached the conclusion that the second and third paragraphs of answer to the cross-complaint are each bad as challenged by appellants' respective demurrers, we do not need to consider subsequent errors.

The judgment is reversed, with instruction to sustain the demurrers to the second and third paragraphs of answer.