## THOMPSON VS. ALLEN.

1. In trying the question of the indebtedness of a garnishee, in attachment, no formal issue is required, farther than a denial of his indebtedness, and a response, averring it, by the plaintiff.
2. Where a garnishee in attachment denies his indebtedness, which denial is contradicted by oath of the plaintiff, and an issue is formed to try the question; the garnishee is liable for costs, if the issue be found against him.
3. Under the attachment laws of this State, a levy of the attachment upon property, is equivalent to the personal service of process: and the summoning of a garnishee, (if indebted to the defendant in the attachment,) is, to this end, a levy upon property.
4. So, to give a Court jurisdiction of an attachment cause, it is sufficient, that the summons of garnishment has been executed upon one, indebted to the defendant, at the time of the service of process.

On the 27th day of April, 1830, Wade Allen, the defendant in error, obtained process of attachment, against the estate of John Thompson, returnable to the ensuing September term of the Circuit Court of Montgomery. The writ issued by the justice, was in the usual form prescribed by statute, and contained an indorsement, that the process was founded upon ten promissory notes, executed by the defendant, to one Slaughter or bearer. Upon the back of the writ was also indorsed the following words— "Garnishee Moses Thompson, William Germany, Jesse Thompson W. C. Thompson, Solomon Thompson:" and it was returned by the sheriff, executed.

At the September term of the Circuit Court, Moses Thompson, one of the garnishees, appeared and made oath that he was neither, indebted to the de-

fendant in attachment, nor possessed of any of his goods, &c. And the said Allen made oath, also, that the said garnishee, Moses Thompson, *was* indebted to the said John Thompson, at the time of the service of garnishment, in the sum of one hundred and twenty-five dollars. Then followed an averment of the said indebtedness, signed by the plaintiff's counsel.

No further proceedings appeared, from the record, to have been had, until March term, 1831. when the following entry was made, to wit:—" *Wade Allen* vs. *John Thompson.* This day came the said plaintiff, by his attornies, and Moses Thompson, who was heretofore summoned as garnishee, and an issue being made up between the said plaintiff, and the said garnishee, according to the statute in such case made and provided ; and whereupon came a jury, to wit— twelve good and lawful men, who, being elected, tried and sworn, upon their oaths do say, they find, that the said garnishee was indebted to the said John Thompson, at the time of the service of the said garnishment, in the sum of eighty dollars and eighty-four cents ; wherefore it is considered by the Court, now here, that the said plaintiff recover of the defendant, John Thompson, the sum of eighty dollars and eighty-four cents, for his damages, in the declaration mentioned ; and his costs, in that behalf expended—for which execution may issue. And it is further considered by the Court, that the said plaintiff recover of, and have execution against the said Moses Thompson, for the sum of eighty dollars and eighty-four cents, and his costs, in and about the prosecution of the said issue expended.

4 s & p. 24

Moses Thompson, the garnishee, by a writ of error, removed the cause into this Court, and assigned, for reversal of the judgment, the following causes, to wit—

*First*—That the cause was discontinued as to Moses Thompson, before the rendition of judgment against him.

*Secondly*—That the case was tried as on issue, when none had been formed, and when Moses Thompson was not in Court.

*Thirdly*—That judgment was rendered against the garnishee, for costs.

*Fourthly*—That judgment was entered up against the garnishee, and the defendant in the attachment.

*Fifthly* — That no declaration was filed in the case.

The case was argued by *Ellis*, for the plaintiff in error—*Gordon, contra.*

For the plaintiff it was insisted—

1st. That there had been no summons of garnishment issued or served on the garnishees; and that, therefore, they were not in Court. The attachment, it was said, was a proceeding *in rem*, but, in this case, it had nothing to rest upon; no levy upon goods or chattels of the defendant, even to bring him into Court. How then could the Court exercise jurisdiction here, in respect to the garnishee. To bring a party, in proceedings of this nature, into Court, there must be, so far as the defendant is concerned, at least a levy upon his goods—so far as the garnishee is affected, an answer admitting indebtedness. Here, there was neither.

2dly. That the cause was discontinued, as to Moses Thompson, the garnishee. He had been summoned, and, in compliance with it, had answered at the return term, as required by law. No default was made by him; but, at a succeeding term, without a continuance of the cause at the first, he is mulct into a judgment. And all without any apparent benefit to any one, but the plaintiff, seemingly, to favor his own delay.

3dly. No declaration was filed in the cause; and yet a judgment is entered against both the defendant and the garnishee. Whether this defect could be reached by the garnishee, were the judgment against him alone, might be questioned; but here the judgment being rendered jointly against both, gave all advantages on account of the irregularity.

4thly. That, under the statute, no costs could go against the garnishee. He may be presumed to make oath fairly and honestly: and the fact that the jury find against him, can not affect the truth of his oath. A verdict might be rendered a garnishee, on the oath of a perjured witness—if so, how could that fact affect the policy of the statute? The statute is explicit, and it could not have been contemplated, that, in any event, costs should be rendered against a garnishee.

For the defendant in error, it was said, that no chasm appeared in the proceedings, and therefore no discontinuance resulted. The defendant was brought into Court, by the levy of the attachment—that levy was upon money due to him, by the garnishee. The garnishee, having appeared, made a voluntary issue, by denial of his indebtedness—now, what was

the proper course of the plaintiff? Why, as the law prescribed, to deny the fact, and leave it to be determined by a jury. There was nothing irregular in this, because it is the course required by the statute. The issue so formed, then, was found against the garnishee, and the only result must have been the judgment against him.

As to costs—when the garnishee answers he is indebted, he is no party to the controversy; but, when he answers falsely, he makes up a suit between himself and the plaintiff; and the costs must, of course, follow, if he be found in default.

In respect to the judgment against the defendant in the attachment, the garnishee can take no advantage. The regularity of it is a matter, not in issue, as between his liability and the claim of the plaintiff. The only question for him to answer, is his indebtedness; and that alone must be tried.

TAYLOR, J.—The material points made in this case are—

1st. That the suit was discontinued before the judgment was rendered in the Circuit Court.

2d. That no issue was formed and submitted to the jury.

3d. That costs were adjudged against the garnishee.

4th. There was no such levy of the attachment, as to give jurisdiction of the cause to the Circuit Court.

5th. No declaration was filed against the original defendant.

6th. There was error, in rendering judgment

against the original defendant, upon the verdict of the jury against the garnishee.

The first point is not sustained by the record.— The attachment, which was issued by a justice of the peace, was returnable to the September term 1830, of the Circuit Court; at that term the garnishee, Moses Thompson, appeared and answered, denying his indebtedness. The record proceeds immediately to state, that the plaintiff made the affidavit, which is inserted in it, that the defendant was indebted, &c., and to file his declaration or statement, averring such indebtedness. It is true the transcript is made out, and put together in a most bungling manner, and without any regard to order; but after a careful examination, this appears to be the correct understanding of it.

At the next term, a jury was impanneled, without any response being made, by plea, to this statement, who found, that the garnishee was indebted, &c.

The garnishee had answered, that he was not indebted; the plaintiff in his statement alleged that he was—in the sum of one hundred and twenty-five dollars: what was necessary to form the issue? Nothing more than the simple denial of this statement by the garnishee. It is not more essential that such denial should appear in the record, than the *similiter*, after the general issue: therefore the second point can not be sustained.

The statute provides,[a] "that the garnishee shall be obliged to appear at the return of the attachment, and answer what shall be objected against him, and abide the judgment of the Court; and shall be allowed out of the effects attached, reasonable satisfaction for his attendance."

[a] Aik. Dig. p. 43.

No provision is made in this statute, for contesting the answer of the garnishee; therefore, under its provisions, a judgment for costs against him, would not be authorised. But a subsequent act provides, that if a garnishee denies his indebtedness, the plaintiff may make affidavit, that he believes him to be indebted, whereupon an issue shall be formed, to try the fact: this act contains no provision with regard to costs.

If such an issue be formed, it is evident that the proceedings assume all the nature and formalities of a suit between the plaintiff and garnishee; and it would seem, that all the consequences of a suit, attend upon these proceedings. It is no longer a case in which the garnishee merely complies with the process of the Court, occupying more the character of a witness, than a party; but he is, to every intent, a party; and may summon witnesses, obtain continuances, &c., and swell the costs, as much as the original defendant could have done. If it is found, that in doing all this, he is endeavoring to avoid the payment of a just demand, is he to be rewarded for his iniquity, by recovering against the plaintiff, the costs which he has expended? The uniform practice throughout the State, has been, to render a judgment against him, in such case, for the costs which have accrued on the proceedings upon the garnishment; and this practice is sanctioned by the law.

It is contended, however, that the indebtedness of a garnishee, will not of itself give jurisdiction to the Court.

This position can not be sustained. The statute treats a levy upon property by attachment, as equivalent to the personal service of process, and the sum-

moning of one indebted to the defendant, is the levy of the attachment upon property. True such indebtedness must exist, where no property is actually levied on, or the Court can not so far take jurisdiction, as to render a judgment against the defendant to the attachment; but it is immaterial at what time the indebtedness is ascertained, so that it existed when the process was served.

The two last points come directly within the decision in the case of *Stebbins* vs. *Fitch*.[a] In that case, the Court said—" the garnishee can not be permitted to take advantage of any irregularity in the proceedings between the parties to the attachment. There is a judgment against Bates" (the defendant to the attachment) " which operates a complete discharge, as to the garnishee," &c.

No disposition is felt to question the authority of that case.

The judgment is affirmed.

[a] 1 Stewart 180.