CHANCERY.

# Atcheson *vs* Smith.

ERROR TO THE HENRY CIRCUIT.

*Case* 134.                                        *Attachment.*

*May* 29.        JUDGE MARSHALL delivered the opinion of the Court.

The case stated.    UPON a bill filed by Smith, setting up a demand against the unknown heirs of Graham, and alledging that Atcheson was indebted to said heirs in the sum of $1000, a decree was rendered ascertaining the debt from Graham's heirs to Smith, and decreeing against Atcheson, as to whom the bill was taken for confessed, for want of answer, that he pay the sum of $1000 to Smith. To reverse this decree, Atcheson prosecutes a writ of error, in which he and the unknown heirs of Graham, are joint plaintiffs; and Smith having moved to strike the said unknown heirs from the writ, Atcheson contends that he has a right, for his own safety, to prosecute the writ in the form in which it emanated, and to assign errors in the proceeding against said unknown heirs.

We do not perceive, however, that it is essential to the safety of Atcheson, in any respect, that he should use the unknown heirs as plaintiffs, nor that he should be enabled to reverse a decree which they perhaps might never disturb, for mere errors which do not render it void. In such errors as affect only the proceeding between Smith and the unknown heirs, he has no interest, and, therefore, it might be doubted whether, even upon a joint writ, they could be properly assigned as causes of reversal. If the decree as against the unknown heirs be void, then the decree against him, as their debtor, must necessarily be erroneous, and he can reverse it upon his separate writ of error; and if there be any such defect in the proceeding against them as rendered it improper to proceed to final hearing and decree, this will also constitute an error in the decree against him, of which he may avail himself as a ground of reversal, as

he may of any other error in the proceeding which affects and renders erroneous the decree against him.

But if the decree be not void as to them, though it be reversible by them, it furnishes, until so reversed, a valid authority and protection for Atcheson's payment of the debt decreed to the complainants ; and although upon a reversal of the decree by the heirs, and upon its appearing that the complainant's demand was either wholly or partially unjust, they will be entitled to recover what has thus improperly been decreed from them, they will recover it, not from their original debtor, who has paid it under a valid decree, but from the complainant, who has received it when he was not entitled to it, and who, in view of this contingency, is required by the statute to execute bond for securing restitution to the unknown heirs of their effects which he has appropriated to the satisfaction of his alledged demand. A mere reversal by the unknown heirs, after the garnishee had made payment under the decree, would not entile them to restitution ; they must first have a final decree rejecting the whole or some part of the demand which has been decreed or paid to the complainant.

That the statutes regulating this proceeding against non-resident and absent defendants, and unknown heirs, intended that a valid decree, though reversible by the absent or unknown defendants, should protect the garnishee against any reclamation of payments made before reversal, is manifest from the fact that the bond for restitution is to be executed to the absent or unknown defendants, and for their security ; and that if the decree be not an indemnity to the garnishee against double coercion of the same debt, the statute furnishes him none. It is true that in equity he might possibly, after being compelled to make double payment, be substituted to the rights of the obligee in the bond: but the question is, whether it is the intention of the statute that he should be compellable to make double payment. We think, that in authorizing a peremptory decree against the garnishee, and in providing an express indemnity for the absent or unknown defendants, while it provides none for the garnishee, the statute itself shows that the decree (if not void)

ATCHESON
vs
SMITH.

A decree attaching and appropriating funds in the hands of a resident defendant, for a debt due by unknown heirs, in a proceeding against them as such, is a protection to the former, unless the proceeding against the latter be void, and in case of a reversal by such heirs, their remedy will be against the attaching creditor.

A valid decree (though reversible against absent defendants or unknown heirs) is a protection to a garnishee against any reclamation of payment made before reversal.

ATCHESON
*vs*
SMITH.

A garnishee who is decreed to pay funds in his hands belonging to unknown heirs, cannot unite such heirs with him in prosecuting a writ of error for the reversal of such decree.

The failure of the Court to require a refunding bond of an attaching creditor, or appoint an attorney for the absent defendants in a Chancery proceeding, are not errors which will avail the garnishee in this Court.

It is error to proceed to a decree against absent defendants or unknown heirs at the term at which the traverse is filed, and of this error a garnishee may avail himself in this Court.

was intended to be an absolute protection to the latter, and that the former were to look to the bond.

We are of opinion, therefore, that it is not requisite for the safety of Atcheson; and consequently, that he has no right to prosecute the joint writ, and that the "unknown heirs of John Graham" should be stricken from it, which is ordered to be done accordingly.

Upon the writ of error, as thus amended, several of the errors assigned, though they would be available as ground of reversal to Graham's heirs, are not thus available to Atcheson; because they neither show that the decree was void as against said heirs, nor that it was improper to render it, so far as Atcheson is concerned, and cannot, therefore, be deemed prejudicial to him. Among the errors of this character, may be ranked the omission to appoint an attorney for the unknown heirs, and the failure to require bond to be executed for restoring the attached effects to them in case it should be so decreed hereafter, &c.

But the assignment, that the Court erred in not dismissing the bill, would be available to Atcheson, if it were true in point of fact. But the bill shows equity on its face, to support the decree which has been rendered, and that equity is sufficiently sustained by the affidavit of the complainant, so far as the peculiar mode of proceeding is concerned, and so far as relates to the merits, by the production of Graham's note, and the failure of Atcheson to answer. It is however assigned for error, that the Court improperly proceeded to hearing and decree at the term at which the unknown heirs of Graham were required to appear. We have no doubt it was premature to hear the cause at that term. It is inconsistent with the established practice in Chancery, to proceed to final decree at the appearance term, without consent. The general traverse, filed for the unknown heirs, is not equivalent to a consent, nor indeed is it equivalent, in all respects, to an answer. And there is nothing in the statutes regulating this proceeding, which authorizes a departure, in this respect, from the established practice; and as the cause could not be heard as to Atcheson, until it was also heard as to Graham's heirs, it follows that it was just

as improper to decree against him as it was to decree against them, when the cause was not in a condition to be heard as against them. This is, therefore, an error in the decree against Atcheson, and as it was presumptively prejudicial to him, since it deprived him of an opportunity which he might have had of filing an answer, with leave of the Court, at the succeeding term, it must be deemed a sufficient ground of reversal. Upon the return of the cause, other errors complained of, but not available to Atcheson, may be corrected.

It may be suggested that in any decree to be rendered against Atcheson, it should be expressly provided, that he be discharged from so much of his debt to the estate of Graham, which he is decreed to pay to the complainant, as he may pay under the decree.

<div style="float:right; font-style:italic;">A decree against a garnishee should provide that he be discharged from the claim of his creditor for the amount paid under a decree in favor of an attaching creditor.</div>

Wherefore, the decree is reversed and the cause is remanded for further proceedings, in which Atcheson should be permitted, on showing good cause, to file an answer, should he offer to do so.

*Guthrie* for plaintiff: *Loughborough* for defendant.