Fifield v. Wood, Garnishee.

---

## FIFIELD v. WOOD, GARNISHEE.

1. GARNISHEE'S ANSWER. A garnishee notified to appear and show cause why execution should not issue on a judgment previously rendered against him, by default, must show a meritorious defense in connection with his excuse for being in default.

2. MERITS. He may file an answer to the interrogatories provided by the Code, denying his liability, with his affidavit excusing his default, but such answer will not be heard until the default is set aside.

3. No PETITION NECESSARY. The plaintiff is not required to file a petition when calling upon the defendant to show cause why an execution should not issue. The service of notice to appear and show cause is sufficient.

4. RIGHTS OF THE GARNISHEE. The garnishee can be placed in no worse condition than if the attachment defendant, himself, were prosecuting the claim against him. *Smith, Twogood & Co.* v. *Clarke & Henley*, ante cited and followed.

5. CODE CONSTRUED. Sections 1869 and 1870, of the Code of 1851, cited and construed.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 13.

Plaintiff recovered judgment against one Adams. Under an execution issued thereon, the defendant, Wood, was notified as garnishee. At the term next after this service, Wood failing to appear, it was ordered that plaintiff have and recover judgment against the said defendant as garnishee for the said sum of (reciting the amount of judgment against Adams). But it is ordered that no execution issue in this case until the said garnishee has had an opportunity to show cause against the same. This entry was made at the November Term, 1857, and prior to the February Term, 1858, a petition was filed by plaintiff, reciting the above facts, and praying an execution against the garnishee. Wood was notified, appeared and answered under oath, fully and completely negativing the interrogatories provided for in section 1865 of the Code. He also filed an affidavit, setting out the reasons for not answering at the previous term. Plaintiff moved to strike this answer from the files, upon the grounds shown in the opinion. This motion was overruled, and plaintiff was given permission to take issue upon the facts set up in the answer. This he refused, but stood by his motion and now appeals.

*Cooley, Blatchley & Adams,* for the appellants, relied upon sections 1863, 1869, 1870, 1873 and 1892 of the Code of 1851; 4 Bouv. Inst. 95, and *Thatcher* v. *Gammon,* 12 Mass. 269.

*B. W. Poor,* for the appellees.

WRIGHT, C. J.—The determination of this case involves the construction, in whole, or in part, of sections 1869 and 1870 of the Code, which provides as follows: "If a garnishee, when duly summoned, fail to appear and answer, without sufficient cause for his delinquency, he shall be presumed to

be indebted to the defendant to the full amount of the plaintiff's demand, and shall be dealt with accordingly.  But for a mere failure to answer he is not liable to pay the amount of the plaintiff's judgment, until he has had an opportunity to show cause against the issuing of an execution."

The question is, what is the attitude of a garnishee when he appears to show cause why an execution should not issue? What is the meaning of the statute, and what shall be the practice under it?  Its language is somewhat peculiar.  It has never received a construction in this court, and we have had difficulty in giving it one in every respect satisfactory. Let us first look at the precise attitude of this case, and the grounds for striking the answer from file set out in plaintiff's motion.  These are, *First*, That it answers the original notice of garnishment and not the petition for execution.  *Second*, That defendant was not entitled to deny the indebtedness shown by the judgment rendered against him at the previous term, until that judgment was set aside.  *Third*, That he does not show, or attempt to show any excuse for his default.  *Fourth*, At this stage of the case defendant has no right to answer to the original notice of garnishment.

Now it will be observed that the question of the sufficiency of the excuse or showing made by defendant for not answering at the previous term, is not passed upon by the court below, nor is it examined or referred to by counsel in his argument.  We therefore pass it, and come at once to the answer.

And we think it quite clear that there was no error in overruling this motion.  In any view of the Code, it was the duty of the defendant in showing cause, to make it appear *prima facia, that he had merits* in his defense, and this he could very appropriately do, by denying his liability under oath, in answer to the specific interrogatories laid down in the Code.  In ordinary cases of default, the defendant in showing cause for setting aside, files his answer and an affidavit of merits.  In this case his answer and affidavit of merits are the same.

The plaintiff is not required to file a petition when calling upon the defendant to show cause. The defendant is entitled to an opportunity to do so, and this is given by serving him with notice to appear and show the same. His answer must necessarily be to the original notice. The presumption of his indebtness, arising from his failure to answer is not so conclusive that it may not be gainsayed. If the judgment was thus conclusive, it would avail defendant but little to permit him to show cause against issuing the execution. For however much cause he might show, the judgment being final according to appellant's argument, would and must remain undisturbed. The entry of judgment, as claimed by appellee, may be said to be a step in the process of fixing the garnishees' liability, which can avail nothing, however, unless the subsequent steps provided by the statute are taken. When the defendant answers, therefore, it is to the only claim that plaintiff has against him; and that is whether he was properly charged as a garnishee at the time he was originally served. And this answer he should file when he first appears and before any order is made in relation to the judgment on his right to appear. The answer was properly filed therefore, and the motion properly overruled.

But we are asked to determine the further question: whether in these cases the defendant is in the position of a party in default and must have that set aside before he can be heard upon his answer? Or in other words, may he come in and answer as to his liability, just as if his indebtedness was not already presumed, from his failure to show a sufficient excuse for his delinquency in not appearing and answering? As before stated we have no doubt but he has a right to answer, and we also think that a part of the cause to be shown "against the issuing of an execution," is, that the party has not been acting in contempt of the court, and that he has not without cause, been in default.

It is true that the garnishee is to be placed in no worse condition than if the debtor of the plaintiff was himself enforcing his claim. *Smith, Twogood & Co.* v. *Clarke & Henley,*

*ante*, and cases there cited.   Nor is he entitled to occupy in any respect a better position.   When notified in the first instance, it is his duty to answer, or show a sufficient excuse for his delinquency.   If he does neither, the presumption is that he is liable.   And so far, he is treated as any other defendant, or as he would be if required to answer his creditor. In that case however, judgment would be rendered against him absolutely, and not, as in this instance, accompanied with an order to suspend execution until an opportunity was given to show cause.   In the case of a garnishee, as well as in the other, the defendant is in default.   He has failed to do as commanded by the process with which he was served.

Parties are required to give heed to, and obey legal process. A garnishee can no more than any other defendant, disobey it.   He cannot carelessly or obstinately fail to appear as required; and then, when notified the second time, enter his appearance with all the rights and privileges of one who has been diligent in responding to the first mandate.   A negligent garnishee is no more entitled to protection, than any other negligent party.

In this case, however, the plaintiff mistook his remedy, in moving to strike the answer from the files, upon the ground stated in his motion.   This was the only question, as far as known, determined by the court below, and the judgment is therefore affirmed.