PARMENTER v. CHILDS, NOBLE v. THE SAME, EBERMAN v. THE SAME.

1. MECHANICS LIEN: SUB-CONTRACTOR: GARNISHMENT. Under § 1006, Code of 1851, it is not necessary that a writ of attachment should issue against the principal contractor before the writ of garnishment.

2. PRACTICE: INTERROGATORIES TO GARNISHEE. When a garnishee is called and fails to appear, a default may be entered against him, though no interrogatories, as contemplated by the statute, have been

Parmenter v. Childs, Noble v. The Same, Eberman v. The Same.

prepared and propounded by the plaintiff. It is not necessary to submit such interrogatories before the appearance of the garnishee.

3. SAME. Proceedings by a sub-contractor to procure a lien and fix the liability of the owners of property under chapter 64, § 1006, Code of 1851, should be conducted as in ordinary garnishment.

4. SAME: SETTING ASIDE DEFAULT. When the record shows affirmatively that a garnishee was called and failed to appear, this court will not interfere with an order of the court below refusing to set aside a default, upon the unsupported affidavit of the garnishee, showing that he was at all times in court ready to answer.

5. SUFFICIENCY OF SHOWING TO SET ASIDE A DEFAULT. A showing to set aside a default against a garnishee, or against issuing an execution, must rebut the presumption of indebtedness and set up a sufficient excuse for the default.

6. PLEADINGS. In an action by a sub-contractor to procure and fix the liability of the owner of property, it is not necessary to specifically refer in the pleadings to the principal contract and the owner, as it is in cases commenced by the principal to enforce his lien.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 5.

THE plaintiffs brought their several suits against one Heaton for sums due them from him, for labor performed as sub-contractors, on a dwelling house erected by him for the defendant Childs. The facts are substantially the same in the three cases, and are sufficiently presented by the following statement prepared from the record in *Parmenter* v. *Childs:* —

The petition, after stating the cause of action against Heaton, alleges that the defendant Childs is indebted to said Heaton for labor performed on said building, and prays that the plaintiff "may have the benefit of the lien of said principal contractor," and that the lien of the plaintiff "may take precedence thereof." The petition further prays, that a special execution may issue against the house and lot on which the labor was performed; and that a writ of garnishment may issue to said Childs, commanding him to retain in his possession all property under his control, and not to pay

any debt due, or to become due, from him to said Heaton, &c., &c. This petition was verified, but no other preliminary steps peculiar to an attachment proceeding was taken.

A writ of garnishment was issued, in accordance with the prayer of the petition, by the clerk and under the seal of the District Court, in which the contents of the petition were stated, and the defendant Childs commanded to appear on or before the morning of the second day of the next term of the District Court, to answer such interrogatories as should be propounded to him, concerning his indebtedness to the defendant Heaton, &c. A default was entered against him on the second day of the appearance term. At the same term he moved the court to set aside the default on the following grounds:—

"1. There have been no interrogatories filed for this defendant to answer."

"2. Because there was no interrogatories filed within the time fixed by law."

"3. For reasons set forth in the affidavit of George A. Childs."

No disposition was made of this motion at that term. At the following term, and on the first day thereof, the affidavit of Childs in support of this motion was filed. At the instance of plaintiff it was stricken from the files, and the motion to set aside the default was overruled.

On the same day judgment was rendered against both Heaton and Childs for the sum found due the plaintiff; in which it was ordered that the plaintiff have the benefit of Heaton's lien on the house and lot on which the labor was performed; and that a special execution issue against said property, unless the said Childs should upon being served with a copy of the judgment, show good cause to the contrary. The plaintiff served a copy of the judgment upon Childs, and at the term following moved the court for leave to sue out the special execution contemplated by the judgment. This motion was resisted by the defendant Childs,

who asked the court to set aside the default and receive his answer, upon substantially the same grounds assigned for setting aside the default. In his affidavit then filed he alleged that he was not indebted to the defendant Heaton at the time of the service of notice of garnishment; that he was in attendance at the District Court on the day and at the place named in the notice, and that he was in attendance on nearly every day of the term, ready to answer interrogatories, and no interrogatories were propounded to him, neither was he requested to answer interrogatories; that he did not intentionally permit such default to be entered against him; and that a refusal to set it aside would work injustice by compelling him to pay a sum which he did not justly owe. The court refused to set aside the default and sustained plaintiff's motion for leave to sue out execution. Defendant appeals.

*C. C. Cole* for the appellant.

I. The court erred in entering a default against the defendant as garnishee.

1. The Statute must be strictly pursued to entitle the plaintiff to its provisions. *Greene & Bros.* v. *Ely*, 2 G. Greene 510; *Redman* v. *Williamson et al.*, 2 Iowa 488; *Helfenstien & Gore* v. *Cave*, 3 Ib. 290; *Logan* v. *Cook & Attix*, 7 Ib. 78.

2. There can be no garnishment of any person except under an attachment or execution. Code of 1851, § 1861, *et seq.*; *Vanfossen* v. *Anderson*, 8 Iowa 251.

3. If the writ of garnishment is an independant process, no such writ was served upon the defendant. The paper served upon him did not run in the name of "The State of Iowa,"—it was a notice merely. Const. art. 5, § 8; *Chance* v. *Temple*, 1 Iowa 192; *Price and Wait* v. *Harned, et al.*, Ib. 478; *McKee* v. *Harris and Stagg*, Ib. 364.

II. The court erred in striking the affidavit of Childs from the files.

III. The court erred in refusing to set aside the default. A weaker showing will set aside a default against a garnishee than is required when the default is against the defendant in a cause. Code of 1851, § 1869. *Williams and Cunningham* v. *Hamsel*, 2 Iowa 154; *Fifield* v. *Wood*, 9 Iowa 349.

*M. D. & W. H. McHenry* for the appellee reviewed the propositions and authorities cited by counsel for appellant.

WRIGHT, J.—I. Under § 1006 of the Code of 1851, it is not necessary that a writ of attachment should issue in order to procure the writ of garnishment therein provided for. It was not intended to assimilate the proceedings instituted by a sub-contractor to procure the benefit of the lien given by the succeeding section, to the attachment and garnishment process provided for in chapter 109 of the Code, to the extent of requiring a writ of attachment against the principal contractor.

II. Where the record stated that the garnishee was called, failed to appear, and was thereupon defaulted, *held*, that it was not necessary for the plaintiff to prepare and propound in advance the interrogatories contemplated by the statute. If when called he answers, it is then the duty of the party who seeks to charge him, to have the interrogatories propounded and answers taken, either through a commissioner or otherwise, as the court may direct. Where he fails to appear, however, the filing of the interrogatories with the clerk is not necessary to entitle the plaintiff to a default.

III. The proceedings by a sub-contractor to procure his lien and fix the liability of the owner of the property, under the mechanics lien law, (ch. 64, § 1006,) have the qualities of, and are to be conducted as an ordinary garnishment. And under this it is the duty of the owner, when called, to

answer. If he fails to do so, and the record so states affirmatively, and that his default is entered, as it does in this case, we can not say that the court erred in refusing to set this aside, upon his unsupported affidavit that he had been at all times in court ready to answer. And the same is true, when the like showing is made in response to the motion of plaintiff for execution as contemplated by § 1870 of the Code.

IV. In moving to set aside the default, or in showing cause against the issuing of an execution, it is the duty of the owner or garnishee, not only to rebut the presumptions of indebtedness, but to show a sufficient excuse for his default. Negligence will not be tolerated in such cases any more than in ordinary actions. *Fifield* v. *Wood*, 9 Iowa 249.

V. A particular and specific reference by the pleadings to the contract between the owner and principal contractor, is not necessary in an action by a sub-contractor, against his principal, as it is in cases commenced by the principal to enforce his lien.

These judgments are affirmed.