*C. C. Nave*, for appellees.

---

# WHITAKER *v.* COLEMAN.

ATTACHMENT.—GARNISHEE.—The statute does not require a separate complaint to be filed against a person summoned as a garnishee. The affidavit required to procure the summons is all that is necessary.

SAME.—Where no property has been taken in attachment, and a party summoned as a garnishee has, on his own application, procured a continuance

of the proceedings against him, after personal judgment against the attachment defendant, he cannot afterward insist that the plaintiff has abandoned his right to judgment against him.

APPEAL from the *Morgan* Circuit Court.

RAY, J.—*Coleman* filed a complaint against *Kelso* upon two promissory notes, and at the same time sued out an attachment against his property. *Whitaker* was summoned as garnishee. On the third day of the term, judgment was rendered by default against *Kelso* on the complaint, without any disposition being made of the proceedings in attachment. On the same day, on motion of the garnishee, *Coleman* was required to file a bill of particulars against him. *Whitaker* then filed his answer as garnishee, and, on his motion, the cause was continued until the next term. *Whitaker* then moved the court to dismiss the proceeding against him as garnishee, because *Coleman* had abandoned the attachment proceedings against *Kelso*, without trial or judgment thereon, and because no complaint besides the original affidavit had been filed against the garnishee. This motion was overruled, and *Whitaker* excepted. The cause was submitted to the court for trial, and judgment was rendered against the garnishee for $400. No judgment was rendered in the attachment proceedings against *Kelso*, nor was any disposition made of the same as to him.

The questions presented by this record are: 1. Did the court err in overruling the motion of the garnishee to dismiss the proceedings against him? 2. Did the court err in refusing to grant a new trial?

The statute does not require that any separate complaint shall be filed against the garnishee, the affidavit required to procure the summons is sufficient, and in this case, the plaintiff was required, on motion of the garnishee, in addition to the affidavit, to file a statement of the articles of property held by the garnishee, and belonging to the defendant in attachment. There is nothing in the record showing that the defendant in attachment had any property which could be attached by the sheriff, and where, as in this case, the

garnishee has prevented judgment being taken against him by a denial of the allegations of the affidavit, and by procuring a continuance, upon motion, after the judgment had been rendered in the original proceedings, it does not become him to complain in this court of delay in the prosecution of the proceedings in garnishment, nor to urge that the plaintiff has abandoned his right to a judgment against him.

The appellant also insists that the judgment against the defendant *Kelso* is void, because he was summoned to appear on the third day of the term, on which day judgment by default was taken against him. An amended record has corrected this clerical error and removed the objection.

The judgment is affirmed, with five per cent. damages and costs.

*C. C. Nave*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellee.