*F. T. Hord,* for appellant.

---

## McKee *v.* Anderson and Another.

ATTACHMENT.—*Garnishee.*—A. sued B. in a civil action, and also proceeded in attachment. C. was summoned to answer as garnishee. The affidavit alleged that C. "has money in his possession belonging to the defendant, and that as paymaster of" a certain railroad company "he owes the defendant on esti-- mates of work, and now has the money in his possession, which the sheriff cannot attach in this action." Answer in denial.

*Held,* that a motion for a new trial did not present any question as to the suffi- ciency of the affidavit.

SAME.—*Evidence.*—The admission of a person summoned as a garnishee, that he is indebted to the defendant in the attachment proceeding, will sustain a judgment against him as garnishee.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—The appellees sued Elston and others in a civil action, and in connection therewith took out an attach-- ment and garnished the appellant and others. The only questions in the case relate to the correctness of the pro-- ceedings against the appellant as garnishee. The affidavit charges that he "has money in his possession belonging to the said defendants, and that as paymaster of the Indianap- olis, Crawfordsville, and Danville Railroad Company he owes the said defendants on estimates of work (and now has the money in his possession), which the sheriff cannot attach in this action."

There was a denial of the allegations of the affidavit, on

which issue the cause was tried by the court, and there was a finding that the garnishee "had in his possession, at the date of the service of summons of garnishment upon him, the sum of eight hundred dollars belonging to said defendants Charles N. Elston and Richard Dickson, and that the same ought now to be applied to the payment and satisfaction of the several claims found due the plaintiffs from said defendants," &c.    This amount he was ordered to pay into the hands of the clerk for distribution among the creditors.

McKee moved the court for a new trial on account of the insufficiency of the evidence to sustain the finding, and because it was contrary to law.    This motion was overruled. He then moved the court in arrest of judgment, because "no final judgment can be rendered against him for want of proper parties, he being but the agent of B. E. Smith & Co." This motion was also overruled, and final judgment rendered.

. The only question made in the assignment of errors and in the brief is upon the refusal of the court to grant a new trial.    The overruling of the motion in arrest of judgment is not assigned for error.    It is assigned for error that the court erred in overruling the motion of the appellant to dismiss the attachment, but we do not find any mention of such a motion either in the record or in the brief.

The evidence is set out in a bill of exceptions, and is, we think, sufficient to sustain the finding of the court.    A number of witnesses testify that McKee said, repeatedly, that he had that amount of money in his hands.    We cannot say that any error was committed.

The judgment is affirmed, with five per cent. damages and costs.*

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*L. Barbour* and *C. P. Jacobs,* for appellees.   .

* Petition for a rehearing overruled.