# IN GENERAL TERM, 1874.

HIRAM BACON, SR., Appellant, v. THE WESTERN FURNITURE COMPANY.

FORFEITURE—*for non-payment of rent, demand*—
LEASE—*demand under, forfeiture of*—
SPECIAL FINDING.

Where a forfeiture for non-payment of rent is to be established, a strict common law demand, both as to time, and place, must be shown, unless dispensed with by agreement of the parties, or by statute. We have no statute dispensing with such demand. To establish a good demand at common law, in such case, there must be a demand of the exact amount of rent due.

Where a special finding of facts does not cover all the matters at issue, the proper remedy is an application for a *venire de novo*.

In equity, a clause providing for the forfeiture of a lease, on the ground of non-payment of rent, is usually regarded as a security for the landlord, and a Court, in the exercise of its equity powers, will in general relieve the tenant from a forfeiture, "where it has been incurred by neglecting to pay any certain sum of money, the interest upon which can be calculated with certainty, and the landlord thereby compensated for the inconvenience he may have sustained by the tenant withholding payment."

*John A. Holman*, for appellant.
*Hezekiah Daily*, for appellee.

BLAIR, J.—This was an action to recover the possession of certain real estate. The grounds upon which a recovery was sought are as follows: The plaintiff is the owner of

the fee, the defendant leased the premises from the plaintiffs grantor for a term of eight years from the first day of April, 1866, the rent was to be paid quarterly, at the end of each quarter, and the lease contained the following provision:— "for the non-payment of the rent aforesaid, at the times, and on the days aforesaid, and for any breach of any of the covenants herein contained, this lease may, and shall be forfeited at the option of the party of the first part, or his legal representatives, who may re-enter, and take possession of the premises, and put out, and utterly expel the parties of the second part, &c. The complaint avers that the rent for the quarter ending July 17, 1873, was not paid, that payment was demanded on that day and refused, and on the succeeding day, the 18th, under threats of legal prosecution the rent was paid, and the plaintiff on the same day served written notice on the defendant for his election to treat the lease as forfeited for the non-payment of the rent, and demanding possession of the premises. It also shows that a personal demand of possession was made on the premises.

A general denial was filed to the complaint. The cause was tried at Special Term resulting in finding for the defendant, the Court making a special finding of facts and conclusions of law thereon. Exceptions were taken to the conclusions of law, and also to the overruling of a motion for a new trial.

But one question is presented on the exceptions taken. It is this, can the plaintiff recover the possession of the premises, on the ground of the lease having been forfeited by reason of the failure to pay the rent on the 17th, after having accepted the rent on the next day.

As far as the Court found the facts, the finding is fully supported by the evidence, and upon the facts found we believe the conclusions of law are correct.

The appellant assumes in his brief, that the Court found

that a demand for the rent was made on the 17th inst. The special finding does not, however, show that such demand was made. Upon this point the finding is as follows:

"On July 17, 1873, during business hours, in the afternoon, the plaintiff entered the business room of the defendant where rent had formerly been paid to said Sloan, (the plaintiffs grantor) and inquired of the only person he saw there, whether he was the representative of the defendant, to which such person answered that he was, plaintiff then told said person that he had an account for the ground rent of the factory, meaning the premises for the recovery of which this suit is brought, and which were occupied by defendant with her furniture factory. The person so addressed then told plaintiff, that he was not the proper person to present said account to, and to call again. Plaintiff then asked who were the members of the firm. To this question the party addressed returned no answer.

Plaintiff left, and did not call again in person, but next morning his attorney presented the account for rent, $25, at the same place to the officer of the defendant, whose business it was to pay demands against defendant, and the rent was paid, and a receipt was given in the following form:

INDIANAPOLIS, July 17, 1873.

Received of Western Furniture Company thirty-five dollars, being $25 ground rent and $10 stable rent, of premises north-east corner Pratt and Alabama streets, Indianapolis, for quarter ending July 17th, 1873.

$35.00.                                    HIRAM BACON, SR.,

By JOHN HOLMAN,
Attorney and Agent.

The finding further shows, that on the 18th, before receiving the rent, the "plaintiffs attorney demanded possession of the foreman in charge of the furniture factory, on the prem-

ises described in the complaint, who declined to surrender the same, and that after receiving the rent, the written notice mentioned in the complaint was served, and this action brought.

Where a forfeiture for non-payment of rent is to be established, a strict common law demand, both as to time and place, must be shown, unless dispensed with by agreement of the parties, or by statute. *Taylor's Landlord and Tenant,.* § 297 and 298, and authorities there cited.

We have no statute dispensing with such demand, nor is there anything in the lease, nor was it found by the Court, that such demand was dispensed with.

To establish a good demand at common law in such case,. there must have been a demand of the exact amount of rent due. The finding of the Court does not show that any account was presented, or amount mentioned by the plaintiff on the 17th inst. Even if the evidence would have warranted a finding that the exact sum was demanded on the 17th, the motion for a new trial does not present the question so as to aid the appellant. Where the facts found do not cover all the matters at issue, the proper step is by an application for a *venire de novo*. *Smith et al.* v. *Jeffries,* 25 *Ind.,* 374.

The evidence as contained in the bill of exceptions, also fails to aid the plaintiff, for it does not show a good demand on the 17th.

The only testimony tending to show such demand was given by the plaintiff. He says that he inquired for a representative of the defendant, and on being informed that the person before him was such representative, he says he addressed him as follows: " My name is Hiram Bacon; I am the owner of the premises on which your factory stands at the corner of Alabama and Pratt streets, and I have a demand to make against your firm. He then asked what .

Bacon, Sr., v. The Western Furniture Company.

the nature of the demand was, and I said it is for the ground rent for those premises, due to-day, and which was assigned to me—$25 ground rent, and $10 stable rent. He at once changed countenance—said he was not the one that usually attended to that kind of business, and that he was out—told me I could call again, and turned very abruptly away."

The lease filed with the complaint, and in evidence, only calls for $25 rent per quarter,—nothing is said about rent for a stable, nor is there anything in the evidence explaining, or justifying the coupling of the stable rent, with the rent stipulated for in the lease.

This makes the demand bad for the reason that it was for too much. It must have been for the exact amount due by the terms of the lease.

While we regard the foregoing as sufficient to preclude a recovery by the plaintiff, we would say further, that in this class of actions the statute permits all defenses, whether legal or equitable, to be made under an answer in general denial. Such being the case it was within the equity power of the Court trying the cause, to relieve the defendant from the forfeiture, even if there had been a strict technical forfeiture of the lease.

In equity a clause providing for the forfeiture of a lease on the ground of non-payment of rent, is usually regarded as a security for the landlord, and a Court in the exercise of its equity powers, will in general relieve the tenant from a forfeiture, " where it has been incurred by neglecting to pay any certain sum of money, the interest upon which can be calculated with certainty, and the landlord thereby compensated for the inconvenience he may have sustained by the tenant withholding payment." *Taylor's Landlord and Tenant,* §495.

We cannot, therefore, disturb the judgment at Special Term.

Judgment affirmed.