# EARL ET AL. *v.* MATHENEY.

JUDGMENT.—*Enjoining void Judgment.*—The collection of a void judgment may be enjoined, but where it is merely irregular or erroneous, and is one from which an appeal lies, it can not be enjoined.

SAME.—*Judgment Against Garnishee, Without Attachment.—Pleading.—Justice of the Peace.*—In an action before a justice of the peace, against a defendant duly served with process, for the collection of a debt within the jurisdiction of the justice, a third person was served with process to answer in such action as a garnishee, though no attachment proceedings were had against the debtor. Judgment having been rendered against the debtor for the amount of the debt, and also against the garnishee as such, and the judgment creditor having caused execution to issue against the garnishee, from the circuit court, on a transcript of such judgment there filed, the garnishee brought an action against such creditor and the sheriff, to set aside such judgment and enjoin its execution, alleging the foregoing facts in his complaint.

*Held,* on demurrer, that the complaint is insufficient, and that such judgment can not be attacked collaterally.

From the Monroe Circuit Court.

*W. C. L. Taylor,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

BIDDLE, C. J.—Mary Matheney brought this complaint against Adams Earl and Charles Bangs, judgment creditors of Isaiah Matheney and James H. Greer, and Lawson E. McKinney, sheriff of Monroe county, to enjoin the collection of certain judgments rendered against her as garnishee.

The following facts are alleged in the complaint:

That, on the 30th day of July, 1874, Earl and Bangs obtained a judgment before a justice of the peace of Monroe county, against Isaiah Matheney, for the sum of seventy-eight dollars and ninety-five cents; and, on the same day, the same parties obtained a judgment in the same court, against Isaiah Matheney and James H. Greer, for the sum of fifty-two dollars and forty-one cents, and costs; that, on the 27th day of July, 1874, Earl and Bangs caused a summons to issue, notifying Mary Matheney to appear on the 25th day of said July to answer as

garnishee in each of said actions; that, in pursuance of said summons, she appeared before said justice on the 30th day of July; that said justice thereupon unlawfully and without right proceeded to render a pretended judgment against said Mary Matheney, in each of said cases, for the amount of the judgments rendered against the defendants thereto; that, on the 10th day of July, 1875, Earl and Bangs, with intent to cheat and defraud the plaintiff, caused said justice to make and certify to so much of the transcript of the proceedings in each cause as related to said pretended judgment against the plaintiff herein, which they filed in the office of the clerk of the Monroe Circuit Court, and thereupon caused execution to issue on each of said pretended judgments to the sheriff of said county; that said sheriff thereupon levied said executions upon certain in-lots described, of the property of the plaintiff, in the town of Stinesville, in said county, and is now threatening to sell the same, and, if not restrained by this court, will sell the same, to the great damage of the plaintiff; that, at the time of issuing said writ of garnishment, no proceedings in attachment had been instituted against said Isaiah Matheney and James H. Greer, nor either of them, by said Earl and Bangs, nor have such proceedings in attachment been instituted since that time; that, by reason of said judgments standing against the plaintiff on the docket of said justice, and on the records of said circuit court, her title to said real estate has become clouded, and liable at any time to cause her serious damage thereby.

Prayer to set aside the judgments against her and enjoin their collection.

A demurrer to the complaint, alleging a want of facts to constitute a cause of action, was overruled, and exception reserved; and this ruling is assigned as error in this court.

If, according to the facts averred in this complaint, the judgments sought to be enjoined are void, the complaint

is sufficient; if the judgments are merely irregular or erroneous, though reversible on appeal, the complaint must be held insufficient. In such cases, the appellee, having had her day in court and her right to appeal, and not having availed herself of such right, can not now complain. The execution of a void judgment may be enjoined; but the execution of a judgment merely voidable can not be enjoined.

When, in an attachment proceeding, the only jurisdiction obtained is over the property attached, the basis of the jurisdiction is the attachment; and, if that is without legal authority, the proceedings under it will be *coram non judice* and void; but, when jurisdiction is obtained by the service of process on the defendant, the attachment is not the foundation of the jurisdiction, but merely an ancillary remedy allowed to the plaintiff for the purpose of securing his demand; and in such a case, although the attachment may have been illegally issued, yet it is the privilege of the defendant alone to take advantage of it; and, if he waives such illegality, and the effects in the garnishee's hands are subject to the payment of his debt, the sufficiency of the proceedings can not afterwards be questioned to protect the garnishee. If the court has jurisdiction over the defendant, and the garnishee wishes to question the jurisdiction over himself, he must do so *in limine;* for, if he answers, and judgment is rendered against him, he will be bound thereby, even on an appeal; and, for much stronger reasons, when he attacks the judgment collaterally. A negligent garnishee is no more entitled to protection than any other negligent party. And, when the jurisdiction has been established over both the defendant and the garnishee, the latter has no further right to interfere with, or enquire into, the proceedings in the main action between the plaintiff and defendant; for all that he is interested in is, that the attachment proceedings shall protect him against a second payment of the same debt; and this will be the case, although there

may be errors and irregularities in the main proceedings for which the defendant might obtain a reversal of the judgment. It has, therefore, been uniformly held, that a garnishee can not reverse or avoid a judgment on account of mere errors or irregularities in the proceedings in the principal action. They affect only the defendant, who alone can take advantage of them, and then only by appeal. Drake Attachment, sections 658–659 and 691–698; *Schoppenhast* v. *Bollman,* 21 Ind. 280; *Cassel* v. *Scott,* 17 Ind. 514; *Whitaker* v. *Coleman,* 25 Ind. 374; *Richardson* v. *Hickman,* 22 Ind. 244; *Baragree* v. *Cronkhite,* 33 Ind. 192; *McKee* v. *Anderson,* 35 Ind. 17; *The Ohio and Miss. R. W. Co.* v. *Alvey,* 43 Ind. 180; *Schwab* v. *The City of Madison,* 49 Ind. 329; *Stebbins* v. *Fitch,* 1 Stew. 180; *Thompson* v. *Allen,* 4 Stew. & P. 184; *Lomerson* v. *Hoffman,* 4 Zab. 674; *O'Connor* v. *O'Connor,* 2 Grant, Pa. 245; *Houston* v. *Walcott,* 1 Iowa, 86; *Fifield* v. *Wood,* 9 Iowa, 249; *Parmenter* v. *Childs,* 12 Iowa, 22; *Atcheson* v. *Smith,* 3 B. Mon. 502; *Hair* v. *Lowe,* 19 Ala. 224; *Matthews* v. *Sands,* 29 Ala. 136; *Gunn* v. *Howell,* 35 Ala. 144; *Gould* v. *Meyer,* 36 Ala. 565; *Featherston'h* v. *Compton,* 3 La. An. 380; *U. S. Ex. Co.* v. *Bedbury,* 34 Ill. 459; *Lawrence* v. *Smith,* 45 N. H. 533; *Willet* v. *Price,* 32 Ga. 115; *Peters* v. *League,* 13 Md. 58; *Freidenrich* v. *Moore,* 24 Md. 295; *Danaher* v. *Prentiss,* 22 Wis. 311; *The Atlantic, etc., Fire Ins. Co.* v. *Wilson,* 5 R. I. 479.

In the complaint in this case, the validity of the judgments in the original actions is not questioned, either for want of jurisdiction over the subject-matter, or over the persons of the defendants; nor is the jurisdiction over the person of the garnishee, nor of the subject-matter as to her, questioned; but it is insisted, that, because there had been no attachment proceedings, and hence no property attached, the judgment against the garnishee is void for want of jurisdiction in attachment. When the justice obtained jurisdiction over the persons of the original defendants, and over the subject-matter, it became imma-

terial to the garnishee whether the attachment proceedings were regular, erroneous, or void; or whether, indeed, there had been any attachment proceedings at all or not. When the justice obtained jurisdiction over the subject-matter, and over the person of the garnishee, it was enough, as against her; or, if there had been any doubt of the jurisdiction of the justice over the garnishee or the subject-matter, it was her duty at once to take advantage of the defect, before she appeared to the actions and suffered judgment to be rendered against her; and, not having done so, such a defect, if it ever existed, is waived. And even if such defect had not been thereby waived, not having appealed from the judgment, she has now here no remedy. The judgment below would have been good, if there had been no other names to the record than the judgment plaintiffs and the garnishee. The complaint shows no ground for relief.

It is needless to examine the subsequent proceedings, which resulted in a decree enjoining the collection of the judgments in controversy, as they can not be upheld without a sufficient complaint to sustain them.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, with directions to sustain the demurrer to the complaint, and for further proceedings.