Matheney v. Earl et al.

No. 8297.

Matheney v. Earl et al.

75  531
140  161

Judgment.—*Justice of the Peace.*—*Jurisdiction of Defendant.*—*Garnishment.* —*Attachment.*—A judgment of a justice of the peace, without jurisdiction of the defendant, who is absent from the State, is void; and where a judgment against an attachment defendant is void, a judgment against a garnishee under the attachment can not be enforced.

Same.—*Practice.*—Where an action before a justice, in which one was summoned as a garnishee, was not a proceeding in attachment, but was so considered by the plaintiff therein and the justice, it should be treated as having been based upon, and having grown out of, an ordinary cause in attachment.

Same —*Pleading.*—*Complaint for Injunction.*—*Copies of Proceedings and Judgments.*—*Exhibits.* — Copies of the proceedings and judgments of a justice of the peace, filed with a complaint for injunction against their enforcement upon execution issued from the circuit court, do not constitute such exhibits as to become parts of the complaint.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*W. C. L. Taylor*, for appellees.

Niblack, J.—This cause has been before in this court, when it was reversed for want of a sufficient complaint. See *Earl* v. *Matheney*, 60 Ind. 202. After it was remanded to the court below, the complaint was amended, and the defendants demurred to the amended complaint, and their demurrer was sustained. The plaintiff declining to plead further, there was final judgment against her upon demurrer. We have, therefore, only to consider the question of the sufficiency of the amended complaint.

The complaint, as amended, stated that, on the 30th day of July, 1874, the defendants Adams Earl and Charles W. Bangs commenced proceedings, before a justice of the peace, against one Isaiah Matheney; that, on filing the complaint and commencement of the proceedings, a summons was issued against the said Matheney; that the said Matheney was, at that time, not a resident of the State of Indiana; that no other process was ever issued against him, or other notice given to him, of the pendency of said proceed-

ings ; that the summons was not served either by reading or by copy left at the said Matheney's last and usual place of residence ; that the said Matheney had then been for six months a non-resident of this State ; that afterward, on the 4th day of August, 1874, the said justice, having no juris-diction over the said Matheney, proceeded to hear and deter-mine the matters alleged in the complaint, and thereupon rendered a judgment in favor of the plaintiffs, and against the said Matheney, for the sum of $78.95 ; that, on the 27th day of July, 1874, the defendants Earl and Bangs had com-menced a like proceeding against the said Matheney and one James H. Greer, before the same justice, and in like man-ner ; that, on the said 30th day of July, 1874, without any other notice having been given to the said Matheney and Greer of the pendency of said suit, said justice proceeded to render a pretended judgment against both the said Matheney and Greer, in the sum of $52.44 ; that the said Greer was also a non-resident of the State of Indiana when the said last named suit was commenced against the said Matheney and him, and has so continued ever since, and that there was no appearance by, or for, either of them in either one of the proceedings set forth as above ; that, on the 30th day of July, 1874, above named, the defendants Earl and Bangs filed an affidavit, and caused a summons to be issued, noti-fying Mary Matheney, the plaintiff herein, to appear before said justice and answer, as garnishee, in both of said causes ; that, in pursuance of said notice, she did appear before the said justice, and was examined by him ; that said justice thereupon proceeded to render judgment against the plain-tiff, in each of said causes, for the amounts of the judg-ments against the said Isaiah Matheney, and against him and the said Greer respectively, copies of all of which proceed-ings before the justice were filed with the complaint ; that, on the 10th day of July, 1875, the defendants Earl and Bangs caused said justice to make and certify a transcript of so much of the proceedings in each cause as related to the

pretended judgments against the plaintiff as garnishee, above referred to, and to file such transcripts in the office of the clerk of the Monroe Circuit Court, and thereupon caused executions to be issued on each of the said judgments, described in said transcripts, to the sheriff of Monroe county, who levied the same upon certain lots in the town of Stinesville, in said county, and is now threatening to sell said lots, thus casting a cloud upon the plaintiff's title to the same; that, at the time of the rendition of the pretended judgments against the plaintiff, she was informed of the non-residence of the said Isaiah Matheney and of the said Greer, and knew that said judgments against her were, in consequence, void, and did not appeal therefrom; that, at the time transcripts of such judgments were filed in the clerk's office, the time for an appeal had elapsed; that, prior to the levying of said execution, and before she knew of the filing of such transcripts, she accepted an order given by the said Isaiah Matheney and by the said Greer, for the full amount of her indebtedness to them, and has since paid said order; that, if the said sheriff is permitted to sell the real estate so levied on by him, she will have to pay said indebtedness to the said Matheney and Greer a second time. Wherefore the plaintiff prayed for an injunction and general relief.

In the discussion of the facts averred in the complaint, the proceedings before the justice are alluded to as if they constituted a part of the complaint. Copies of these proceedings did not constitute such exhibits as became a part of the complaint by being filed with it, and hence such copies added nothing to, nor detracted anything from, the direct averments of the complaint. *Briscoe* v. *Johnson*, 73 Ind. 573; *Parsons* v. *Milford*, 67 Ind. 489; *Wilkinson* v. *The City of Peru*, 61 Ind. 1. We can, therefore, only judge of the proceedings before the justice by what the complaint alleged concerning them.

Accepting the averments of the complaint as true, which the demurrer admitted, the judgments against Isaiah Matheney, and against him and Greer, respectively, were not binding upon them, or either of them. Whether, however, the proceedings in which those judgments were rendered show a lawful service of summons upon Matheney and Greer, or either of them, is a question we have not considered, as, for the reasons given, those proceedings in extenso are not before us as a part of the complaint. That is a question which would have arisen if a trial of the cause had been reached, and the proceedings before the justice had been put in evidence. The general rule is, that where a judgment against an attachment defendant is void, a judgment against a garnishee under the attachment can not be enforced. Drake Attachment, sec. 696; Schoppenhast v. Bollman, 21 Ind. 280; Johnson v. Johnson, 26 Ind. 441; Andrews v. Powell, 27 Ind. 303; Earl v. Matheney, 60 Ind. 202.

While the actions in which the plaintiff was summoned as a garnishee were not proceedings in attachment, the defendants Earl and Bangs, as well as the justice, seem to have proceeded against the plaintiff upon the theory that they were in fact attachment proceedings, and that the measures taken against her were but ancillary and incidental to those actions. Under these circumstances, we think the proceedings against the plaintiff before the justice ought to be treated as if they had been based upon, and had grown out of, ordinary causes in attachment; and as the allegations of the complaint make it appear that the judgments against Isaiah Matheney, and against him and Greer, respectively, were void, it follows that the judgments against the plaintiff as garnishee ought not to be enforced.

We are, consequently, brought to the conclusion that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.