HOLLINGSWORTH *v.* McCOLLY ET AL.

[No. 3,739.   Filed May 7, 1901.]

PLEADING.—*Joint Demurrer.— Appeal and Error.*—A demurrer to "second, third and fourth paragraphs of answer on the ground that neither of said paragraphs states facts sufficient to constitute a cause of defense" is joint, and if either paragraph of answer is good, available error cannot be predicated on the action of the court in overruling same. *p. 611.*

SAME.—*Answer.*—An answer to an action on a note and to foreclose a mortgage which purports on its face to answer the entire complaint and responds to the mortgage and is wholly silent as to the note is bad as against a demurrer. *pp. 611-613.*

From the Newton Circuit Court. *Affirmed.*

*F. Follz, C. G. Spitler* and *H. R. Kurrie,* for appellant.
*B. F. Ferguson* and *J. E. Wilson,* for appellees.

HENLEY, C. J.—Appellant commenced this action against appellees upon certain notes, and to foreclose a mortgage upon real estate given to secure the debt. It is alleged in the complaint that appellee McColly made and executed to A. McCoy & Company, of Rensselaer, Indiana, his note for $400; that at the time the note was executed, the firm of A. McCoy & Company consisted of A. McCoy, T. J. McCoy, and this appellant; that after the execution of the note, it was assigned to the appellant; that to secure the payment of said note, the appellee McColly, his wife joining with him, executed to A. McCoy & Company a mortgage, in which they mortgaged and warranted certain real estate in Newton county, Indiana; that said mortgage was also assigned by said firm of McCoy & Company to this appellant; that there has been paid on said note the sum of $212. It is further alleged that prior to the execution of said note and mortgage, the said McColly and wife executed to one Horace M. Scott a deed for the said land to secure the payment of a loan of $100 to said McColly, but that said deed was not recorded until long after the execution and delivery of the note and mortgage sued on, and that at the time of the delivery of the said note and mortgage to said A. McCoy & Company, they had no notice or knowledge of the existence of said deed, but believed the title to the said real estate was in the mortgagor. In the second paragraph of complaint appellant sought to recover taxes to the amount of $8.57. Appellees' demurrer to this complaint was overruled. Appellees Scott, Mote, and McColly filed a joint answer to the complaint in four paragraphs. Appellant demurred to the second, third, and fourth paragraphs of answer.

The question presented by this appeal arises upon the ruling of the trial court in overruling the demurrer to the second, third, and fourth paragraphs of answer. The rec-

ord seems to be sufficient to present this question. Appellant's demurrer is clumsily drawn, and it is argued by counsel for appellee that it is addressed to the entire answer, and not to each paragraph separately. Appellant's demurrer is in the following words: "The plaintiff demurs to the second, third, and fourth paragraphs of answer on the ground that neither of said paragraphs states facts sufficient to constitute a cause of defense." Under the authorities we regard the demurrer as a joint demurrer to the entire answer. *Clodfelter* v. *Hulett,* 92 Ind. 426; *Indiana, etc., R. Co.* v. *Dailey,* 110 Ind. 75; *Gilmore* v. *Ward,* 22 Ind. App. 106; *Franklin Ins. Co.* v. *Wolff,* 23 Ind. App. 549.

The second paragraph of answer avers that appellee Horace M. Scott purchased the land described in appellant's complaint and received the deed therefor from appellees McColly and wife, a copy of which deed is made a part of the answer; that, before the commencement of this action, appellee Scott conveyed the real estate described in plaintiff's complaint and mortgage to appellee Mote, a copy of which deed of conveyance to said Mote is filed with and made a part of this answer; that said deeds were duly recorded in the proper record in Newton county, Indiana, where said land was situated; that before the commencement of this action, and for a long time prior thereto, appellee Mote was the owner of the fee simple of said real estate and is now and was at the time this action was commenced, the owner of the fee simple of said real estate. Appellees further say that before the commencement of this action appellant's note had been fully paid and satisfied, and that the mortgage securing said note had been fully satisfied; that appellant had failed to release and satisfy the said mortgage of record.

In the third paragraph of answer it is averred that on the 21st day of February, 1894, appellee Scott purchased the real estate described in plaintiff's complaint from appellee McColly, and received a warranty deed for the same; and

that on the 28th day of October, 1895, the said Scótt sold
said real estate to one Jerry C. Mote, and conveyed the
title to the same to said Mote by deed, copies of both deeds
being made a part of the answer, and both of which were
recorded in the proper record in Newton county, Indiana,
where the land was situated. It is further averred that on
or about the 22nd of September the appellee McColly and
wife mortgaged said real estate to said A. McCoy & Com-
pany of Rensselaer to secure the payment of a balance due
on the note described in the appellant's complaint; that at
said time appellant was a member of the firm of A. McCoy
& Company, bankers, of Rensselaer, Indiana, and was the
cashier of said bank, and was acting for and transacting the
business of said bank; that at the time said mortgage was
given, it was accepted as a full and complete security for the
indebtedness of said McColly, and appellant knew at said
time that the said McColly had, prior to the execution of
said mortgage, conveyed the land described in said mort-
gage to appellee Scott, and knew that the mortgage de-
scribed in the said complaint had been executed and de-
livered after the conveyance of the real estate described
therein to the appellee Scott. It is further averred in said
answer that at the time of the payment of $212, which was
credited on the note sued on, appellant accepted a note of
$188, secured by a mortgage on certain real estate in Jasper
county, and it was agreed at said time that the real estate
in Newton county was released from said mortgage, and
that the payment of $212 and the giving of the note for
$188, secured as aforesaid, was a complete payment of the
debt represented by the note and mortgage sued on. It
further appears from this paragraph of answer that appel-
lant transacted the business for the firm of A. McCoy &
Company, that he knew that the payment and settlement had
been made of the balance of the note sued on, knew that the
Newton county land was released from the lien of the mort-
gage, and knew that the debt owing by said McColly to the

firm of A. McCoy & Company, which is the same note and mortgage sued on, had been fully paid and satisfied before its assignment by said firm to the appellant.

In the fourth paragraph of answer it is averred that at the time the mortgage described in the appellant's complaint was executed, the appellant was a member of the firm of A. McCoy & Company, and was the cashier of said firm, and transacted the business of said firm; and that at said time appellant well knew that appellee Scott had received a warranty deed to the real estate described in the mortgage. It is further averred that appellee Scott's interest in the said real estate was superior to the interest of appellant, that the said Scott had conveyed all his right, title, and interest in said real estate to the appellee Mote.

Passing the second and third paragraphs of answer, the averments of which are ample to make them sufficient as pleas of payment, if nothing else, we come to the fourth paragraph of answer. This paragraph of answer is fatally defective. Conceding, without deciding, that the facts averred would be sufficient to bar the foreclosure of appellant's mortgage, it purports to state facts sufficient to answer the entire complaint. This it does not do. While it purports on its face to answer the entire complaint, it responds only as to the mortgage, and is wholly silent as to the note in suit. Each paragraph of answer must fully answer the entire complaint, or so much of it as it purports to answer, or it will in all cases be held bad when challenged by a demurrer for want of facts. *McLead* v. *Aetna Life Ins. Co.,* 107 Ind. 394; *Mark* v. *Murphy,* 75 Ind. 534.

A case very much in point is the case of *McLead* v. *Aetna Life Ins. Co., supra,* where the court said: "We are of the opinion that the court committed no error in sustaining the demurrer to this joint answer of the appellant. The answer was bad on demurrer, because, while it purported on its face to be an answer to the entire complaint, it responded only as to the mortgage, and was wholly silent as to the notes in suit."

The demurrer being joint, the error is not available, and the judgment must therefore be affirmed. Judgment affirmed.